The plaintiff instituted this action seeking a new trial on the issue of paternity which initially arose in connection with support proceedings initiated by the state.
The procedural facts are as follows: On August 19, 1976, the defendant, Pamela Rubino, executed an affirmation of paternity in which she acknowledged that the plaintiff, John Sullivan, was the father of her child, born April 2, 1974. On August 26, 1976, the plaintiff also executed an acknowledgment of paternity wherein he acknowledged that he was the father of the child. On September 12, 1976, the defendant's acknowledgment was filed in the Court of Common pleas for the sixth geographical area. *Page 535 
On March 22, 1979, the state of Connecticut instituted an action seeking an order of support against the plaintiff to obtain reimbursement of state assistance paid in behalf of the minor under the aid to families with dependent children program. On April 23, 1979, the court rendered judgment ordering the plaintiff to pay $68 per week current support and $10 per week on account of an arrearage of $18,928.65 owed to the state of Connecticut.
On January 31, 1980, the plaintiff brought this action for a new trial pursuant to General Statutes 52-270,[1] claiming that he was not the father of the child. The state interposed a special defense that this action was not brought within three years of the entry of the plaintiff's acknowledgment of paternity and was therefore barred by the provisions of General Statutes52-582.[2] On March 16, 1981, the court filed a supplemental memorandum of decision rejecting the statute of limitations claim, and ordered a new trial. The state has appealed.
The gravamen of the state's claim is that acknowledgments of paternity executed and filed in accordance with the provisions of General Statutes46b-172 (a) have "the same force and effect as a judgment" of the court.[3] The state argues, therefore, that the three-year limitation period described in General Statutes 52-582 should have run from September 12, 1976, the date the acknowledgment was filed in court. This being the *Page 536 
case, the plaintiff's petition of January 31, 1980, came four and one half months after the three year period had expired. We do not agree.
Stone v. Maher, 527 F. Sup. 10 (D. Conn. 1980) held unconstitutional those provisions of General Statutes 46b-172 which prevent a putative father who has signed an acknowledgment of paternity form from litigating that issue thereafter in a judicial proceeding held for the purpose of determining his support obligations. In Johnson v. Bessette, 37 Conn. Sup. 891, 442 A.2d 70 (1981), we held that although the defendant's acknowledgment of paternity was filed in 1975, almost five years prior to the Stone decision, as a member of the plaintiff class in Stone, he had the right to litigate the issue of paternity in a judicial proceeding.
The present plaintiff is also a member of the named class in Stone. At the time of the prior proceedings in this case and before Stone, a petition for new trial was not available to him. We do not believe that the plaintiff can thus "be deprived of the opportunity to contest the paternity issue which he won in the federal court." Johnson v. Bessette, supra, 896; see State v. Bashura, 37 Conn. Sup. 745, 436 A.2d 785
(1981).[4]
 There is no error.
DALY and BIELUCH, Js., concurred in this opinion.