## ROBERTO DELGADO *v.* EDWIN MARTINEZ
### (9362)

SPALLONE, HEIMAN and CRETELLA, Js.

Argued April 29—decision released July 2, 1991

*Patricia Pac,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Joseph X. Dumond, Jr.,* assistant attorney general, for the appellant (state).

*Lucy Potter,* for the appellee (defendant).

SPALLONE, J. The state of Connecticut[1] is appealing from the judgment of the trial court granting the defendant's petition to review an acknowledgment of paternity and to vacate the judgment of paternity. The state claims that the trial court improperly refused to apply the statutory time limitations set forth in General Statutes § 46b-172 for petitions to review an acknowledgment of paternity, improperly set aside a judgment of paternity and improperly granted the defendant's motion for human leukocyte antigen (HLA) blood testing. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. On June 28, 1978, the then eighteen year old defendant, while incarcerated at the Hartford correctional center, was presented with an acknowledgment of paternity form regarding a child born to Ana Delgado. The acknowledgment form signed by the defendant did not advise him that he had a right to a hearing, or advise him of the legal consequences of signing the form. This form, along with an affirmation of paternity form signed by Ana Delgado, was filed with the Superior Court on June 30, 1978. Pursuant to § 46b-172 (formerly § 52-442a) the legal effect of this filing conclusively established the defendant's paternity for the purpose of child support.

The defendant had heard nothing further of this acknowledgment for ten years and nine months when, in 1989, he was served with a show cause order for support. During this ten year interlude, a class action brought on behalf of putative fathers successfully challenged the procedure by which the defendant's acknowledgment had been obtained. In *Stone* v. *Maher*, 527 F. Sup. 10 (D. Conn. 1980), the Federal District

---

[1] The state of Connecticut and Roberto Delgado are the plaintiffs in this action. The state of Connecticut is an interested party because it is providing and has provided public assistance to the child's caretaker, her uncle Roberto Delgado, under the aid to families with dependent children program.

Court for the district of Connecticut held that General Statutes (Rev. to 1979) § 46b-172 (b) violated the right of the class members to due process of law under the fourteenth amendment to the federal constitution. The court held that the entry of a judgment of paternity without a hearing deprived a putative father of property in the form of weekly support payments without due process of law. The court recognized that a person could validly waive his rights to due process, but held that the execution of these acknowledgments of paternity, procured without the putative father's having been informed of his legal rights and the legal consequences of signing the form, did not constitute a valid waiver of those procedural due process rights. Accordingly, a judgment rendered on the basis of this form could not preclude the signing party from later contesting the issue of paternity. The defendant in this case qualifies as a beneficiary of the class action as a putative father " 'who executed a written acknowledgment of paternity pursuant to General Statutes § 46b-172 and [was] never given an opportunity to litigate the issue of paternity.' *Perkins* v. *Perkins,* 3 Conn. App. 322, 326, 487 A.2d 1117 (1985); *Stone* v. *Maher,* supra, 18." *Bleidner* v. *Searles,* 19 Conn. App. 76, 82–83, 561 A.2d 954 (1989).

Our state recognized the shortcoming of its proceedings under General Statutes § 46b-172 in two ways. First, the department of human resources, which administers child support enforcement in Connecticut, changed its practice in response to *Stone* by promulgating an advisement of rights form to accompany paternity acknowledgments. Second, the General Assembly responded to *Stone* by amending § 46b-172 to eliminate the res judicata effect of a paternity judgment rendered upon the filing of an acknowledgment of paternity form *if* a petition for review is filed within three years of the date of the judgment. Public Acts

1982, No. 82-6 (codified in General Statutes § 46b-172 [b]). The statute revised to 1983 as amended provided in pertinent part: "The prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the superior court . . . having venue for a hearing on the issue of paternity within three years of such judgment or within three years of October 1, 1982, whichever is later."

The state asserts that the defendant is barred from contesting paternity at this time because the time limitation set forth in the amended § 46b-172 for contesting paternity has expired. We disagree with the claim that the defendant is time barred from contesting his paternity. The defendant in this case had no notice of the legal consequences of his acknowledgment until he was served with the show cause order for support. *Stone* held that a person in the position of the defendant in this case has a right to his day in court. Any attempt to circumscribe this right by imposing a statute of limitations on the defendant's exercise of this right runs counter to *Stone* and must fail.

In *Sullivan* v. *State,* 38 Conn. Sup. 534, 453 A.2d 91 (1982), the Appellate Session of the Superior Court, *Covello, J.,* reviewed a claim similar to the one at hand. In that case, the state claimed that a three year statute of limitations to petition for a new trial, set forth in General Statutes § 52-582, barred the plaintiff from contesting paternity established seven years earlier by the filing of an acknowledgment of paternity pursuant to § 46b-172. The court held that the plaintiff was not time barred from contesting paternity, and that the putative father could not because of the imposition of the statute of limitations " 'be deprived of the opportunity to contest the paternity issue which he won in the federal court [in *Stone* v. *Maher,* supra].' *Johnson*

v. *Bessette,* [37 Conn. Sup. 891, 896, 442 A.2d 70 (1981)]; see *State* v. *Bashura,* 37 Conn. Sup. 745, 436 A.2d 785 (1981)." *Sullivan* v. *State,* supra, 536. It is of no consequence that the three year statute of limitations sought to be imposed in this case stems from a different statutory subsection.

We do not hold that a person may not waive a constitutional right. It is axiomatic, however, that a waiver can be effective only if one voluntarily relinquishes a known right. *Rivera* v. *Marcus,* 696 F.2d 1016, 1026 (2d Cir. 1982). There was no evidence presented in this case that the defendant knew of the legal consequences of his signing the acknowledgment of paternity. Nor was there evidence that he knew that a judgment entered when the acknowledgment was filed in court.

Accordingly, we hold that the statute of limitations enunciated in General Statutes § 46b-172 (a) is not enforceable against a party who has not validly waived his procedural due process rights and where a judgment of paternity has been entered without notice and an opportunity to be heard. Having properly vacated the judgment of paternity, the trial court has jurisdiction to determine the issue of paternity in this case, which includes the power to order HLA blood testing pursuant to General Statutes § 46b-168.

The judgment is affirmed.

In this opinion the other judges concurred.