[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The stipulation of facts indicates that on March 30, 1985 and May 29, 1987, Karma Smith gave birth to Michelle and Kassondra Scott, respectively. During the time of conception for both children, the respondent Darryl Scott and Karma Smith were involved in a sexual relationship. The respondent is listed as the father on both children's birth certificates, both girls bear his last name, and on November 13, 1987, the respondent signed an acknowledgment of paternity and an accompanying informational form regarding his rights for each child. The respondent also continues to see the children. He has spent birthdays and holidays with them, has involved them with members of his biological family, named both children for insurance coverage, and had the children sworn in as members of the Mashantucket Pequot Tribe in 1997.
On February 20, 1997, the Department of Social Services filed a Support Petition against the respondent because Karma Smith was receiving state financial assistance for the girls. On May 5, 1997, the respondent filed a Motion to Reopen Judgment/Set Aside Acknowledgment of paternity on the ground that the acknowledgment of paternity that he signed "did not apprise [him] of his rights in this matter, were done without the benefit of counsel and did not apprise [him] of his constitutional rights as required." On that same date, the respondent also filed a Motion for Genetic Testing.
The respondent first argues that his due process rights were violated because the acknowledgment of paternity form that he signed in 1987 did not mention his right to a jury trial, but only mentioned his right to a trial. The respondent further argues that he had a federal and state constitutional right to a jury trial that could not be waived by his silence.
"[R]equirements of due process are not fixed but depend on the nature of the case under consideration and the relative interests, both governmental and private, involved. . . . It is well settled that in Connecticut paternity actions are civil and not criminal proceedings and the general rules governing civil actions apply." (Citations omitted.)Robertson v. Apuzzo, 170 Conn. 367, 372, 365 A.2d 824 (1976). "Neither the federal nor state constitutions secure to this defendant the right to a jury trial." Id., 380. "The early Connecticut bastardy statutes made no provision for jury trial. . . . although [f]or sometime it was the practice to try the issue of not guilty by the jury. . . . [O]ne cannot CT Page 8051 say that in our legal system the jury is a necessary component of accurate factfinding. . . . Juries are not required, and have not been, for example, in equity cases, in workmen's compensation, in probate, or in deportation cases." (Internal quotation marks omitted.) Id., 381-82.
The respondent argues that the court should have advised him regarding his right to a jury trial. The statute governing acknowledgments of paternity at the time the respondent signed his acknowledgment form in 1987 included a right to a trial by jury for paternity actions. General Statutes (Rev. to 1987) § 46b-164. In 1997, the legislature repealed § 46b-164 and adopted General Statutes § 17b-27 which states that a putative father has a right to "a trial by the Superior Court or a family support magistrate . . . General Statutes § 17b-27. See alsoRobertson v. Apuzzo, supra, 170 Conn. 367. Given these statutory changes, the right to a jury trial was not a constitutional right, but a statutory right that has subsequently been repealed.
"Where the right [of jury trial] is statutory, the defendant may be deemed to have waived it by failing to bring the matter to the attention of the trial court seasonably." State v. Anonymous, 36 Conn. Sup. 551,555, 421 A.2d 867 (App. Sess. 1980). General Statutes (Rev. to 1987) § 46b-172 requires that a putative father petition for a hearing on the issue of paternity within three years of a judgment of paternity. The term "seasonably" in actions regarding an acknowledgment of paternity form signed in 1987, may, therefore, be interpreted to mean that the action must be brought within three years from the date of judgment. See General Statutes (Rev. to 1987) § 46b-172.
Here, the respondent failed to exercise his statutory right seasonably by not instituting an action regarding the determination of paternity within three years following the determination of paternity. Therefore, the respondent's due process rights were not violated because he had notice of his statutory right to a trial and had three years in which to contest the paternity determination.
The respondent's second contention is that his due process rights were violated because the acknowledgment form he signed in 1987 did not mention his right to request a blood test in order to determine paternity. The Connecticut Appellate Court in In re Donna M.,33 Conn. App. 632, 637 A.2d 795, cert. denied, 229 Conn. 912, 642 A.2d 1207
(1994), stated that "General Statutes § 46b-168 provides that the court may order blood tests upon a motion by any party. Thus, the order is discretionary." (Internal quotation marks omitted.) Id., 646. The respondent does have the right to request, at the discretion of the judge, a blood test in order to determine paternity. The respondent waived this right in 1990, however, when he failed to challenge the CT Page 8052 determination of paternity made in 1987. See General Statutes (Rev. to 1987) § 46b-172.
In addition, the respondent argues that the acknowledgment form he signed in 1987 was similar to that of the respondent in Stone v. Maher,527 F. Sup. 10 (D.Conn. 1980), and should be deemed to violate due process. The acknowledgment form in Stone v. Maher, supra, 527 F. Sup. 17, did "not provide any information whatsoever regarding the acknowledging person's right to counsel or to a hearing on the issue of paternity, nor does it contain any language expressing a waiver of such rights." In addition, the putative father was not informed of the legal ramifications of signing the acknowledgment form. Id., 17. In response to that decision, an advisement of rights form was created which now accompanies the acknowledgment of paternity form. General Statutes § 46b-172 (b) also was amended to provide that a judgment of paternity based on a written acknowledgment was res judicata unless review was sought within three years of judgment. See Delgado v. Martinez, 25 Conn. App. 155,157, 593 A.2d 518 (1991). In this case, the respondent signed both acknowledgment of paternity and information forms. The information form gave the respondent the information required by Stone v. Maher. As such, the respondent in this case does not fall within the group protected byStone v. Maher.
The petitioner in Jacobs v. Veillette, Superior Court, judicial district of Ansonia-Milford, Docket No. 032965 (June 27, 1991, Fuller,J.), signed an acknowledgment form, similar to the one signed by the respondent in the present case, that was the product of changes made in response to Stone v. Maher. The court in Jacobs v. Veillette, held that "[e]ven if the petitioner's claims or excuses for signing the original acknowledgment of paternity have merit, he could have commenced this action at any time prior to Juno 21, 1986. The prior version of the statute no longer existed when the acknowledgment of paternity was signed in 1983, and at all times since then the 3 year time limit in § 46b-172
(b) [now General Statutes § 46b-172 (c)] has remained unchanged." Id. Further, the petitioner in Jacobs v. Veillette, was seventeen and not in the presence of his parents or an attorney when he signed the acknowledgment form. Given the holding in Jacobs v. Veillette, the respondent, who was of age at the time he signed the same acknowledgment form, also would have had three years in which to make a motion to reopen the judgment of paternity.
In conclusion, the respondent was not denied due process of law because General Statutes § 46b-172 (b), now subsection (c), allowed for a three year period in which the respondent could have contested the determination of paternity. The respondent chose to wait ten years until after the state of Connecticut had entered a support order against him. CT Page 8053 "The defendant is very simply motivated by a desire to avoid paying child support." Colvin v. Perkins, Superior Court, judicial district of New Haven at New Haven, Docket No. 290355 (May 13, 1996, Alander, J.) (18 Conn.L.Rptr. 104, 105).[1]
Defendant's Motion #105 to Reopen Judgment/Set Aside Acknowledgment of paternity is denied and Defendant's Motion #106 for Genetic Testing also is denied.
Kenefick, J.