The plaintiff instituted this petition for an order of support against the defendant as the alleged father of a minor child who has been the recipient of state assistance under the aid to dependent children program. The complaint names the child as the "acknowledged daughter" of the defendant, an apparent reference to an acknowledgment of paternity executed by the defendant on November 13, 1975, and affirmed by the mother of the child in accordance with General Statutes 46b-172, which provides that such a document when filed with the Superior Court "shall have the same force and effect as a judgment of that court." The defendant filed a motion to strike the acknowledgment of paternity, which had been filed pursuant to 46b-172 some time before this action was brought, claiming that state officials coerced him into signing it without informing him of his rights and the consequences of doing so, that the acknowledgment form used by the state failed to inform a person of its legal consequences, and that he was not the father of the child involved. He also filed a motion to strike the support petition on the grounds that two of the paternity statutes relied upon, General Statutes 46b-171 and 46b-172, discriminate unlawfully upon the basis of sex and are, accordingly, unconstitutional; that 46b-172
(b) denies a person due process of law; *Page 747 
and that General Statutes 17-82e and 17-324, which pertain to the issuance and enforcement of orders of the commissioner of human resources for the support of persons receiving public assistance, create an unconstitutional presumption that the mother and child are eligible for state aid. The trial court (Glass, J.) denied those motions and also (Buzaid, J.) a later motion to reargue them.[1] A judgment was rendered (Buzaid, J.) ordering the defendant to pay twenty dollars weekly for current support of the child and five dollars weekly upon the arrearage for past support.
The defendant has appealed from the denial of his motions to strike the acknowledgment of paternity, to strike the petition, and to reargue those motions. Practice Book 3000 authorizes no appeal from the action taken upon such motions but only from the final judgment of the court. In this case we may overlook this irregularity in the appeal documents, which the plaintiff has never raised, because the defendant actually filed his appeal within twenty days of the entry of the order of support which constitutes the final judgment, as required by Practice Book 3007. Several other procedural deficiencies, however, bar us from reaching the merits of the only issue which the defendant has briefed: whether a support order based upon the acknowledgment of paternity form used by the state deprives the defendant of property without due process of law.
The trial court denied the defendant's motions to strike the acknowledgment of paternity and to strike the petition on its merits without considering the objection filed by the state that those motions did not conform to the provisions of Practice Book 152. *Page 748 
That section allows a party seeking to contest the legal sufficiency of a complaint or other pleading to file a motion to strike, the contemporary nomenclature for our former demurrer. See Practice Book, 1963, 106. It is elementary that such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence. Bedard v. Cunneen, 111 Conn. 338,341, 149 A. 890 (1930); Ryan v. Knights of Columbus, 82 Conn. 91, 92, 72 A. 574 (1909). The defendant's motion to strike the acknowledgment of paternity, which contains numerous factual statements concerning the circumstances under which the defendant signed that document, fails to comply with this principle. The only paragraph of the motion which might be deemed to raise solely an issue of law pertains to the inadequacy of the form used by the state. This form, however, was not a part of the complaint nor would its inadequacy defeat the plaintiff's cause of action for support of the minor child.
Even if the defendant should prove to be correct in contending that the acknowledgment of paternity form is inadequate to carry the legal consequences of a judgment, as contemplated by General Statutes 46b-172, the plaintiff would not be foreclosed from proving his fatherhood by the introduction of evidence, including his signature on the form as an admission. Kucza v. Stone,155 Conn. 194, 197, 230 A.2d 559 (1967). We also find no authority for directing a motion to strike against a document which is not part of the complaint and does not purport to set forth an entire cause of action. See Practice Book 152.
The defendant has not briefed two of the grounds relied upon in his motion to strike the petition: that General Statutes 46b-171 and 46b-172
discriminate unconstitutionally on the basis of sex, *Page 749 
a claim which we rejected in Cross v. Wilson,35 Conn. Sup. 628, 635, 403 A.2d 1103 (1978); and that General Statutes 17-324 creates an unconstitutional presumption of the eligibility of a recipient of state assistance, a subject some aspects of which are dealt with in State v. Griffiths, 152 Conn. 48, 56, 203 A.2d 144 (1964). Accordingly, we treat those issues as abandoned. Manley v. Pfeiffer, 176 Conn. 540, 541,409 A.2d 1009 (1979).
The remaining ground of the motion, that General Statutes 46b-172 (b) unconstitutionally deprives the defendant of due process of law, hardly qualifies as a distinct specification of the reason for the claimed insufficiency of the complaint, as required by Practice Book 154. See General Statutes 52-92; Wachtel v. Rosol,159 Conn. 496, 499, 271 A.2d 84 (1970). We have examined the trial court brief filed by the defendant in support of that motion and find that the alleged deprivation of due process is based entirely upon a claim of unconstitutional sex discrimination which has not been pursued in this appeal. Nowhere in this trial court brief is there any mention of the deficiencies in the acknowledgment forms used by the state which are the subject of the defendant's brief in this court. In any event, as we have noted before, the ineffectiveness of the acknowledgment of paternity as a judgment would not have been a sufficient reason to sustain a motion to strike the petition which alleges the defendant's paternity, a factual issue which could have been established by evidence wholly unrelated to the acknowledgment.
Our conclusion that the defendant's motions to strike the acknowledgment of paternity and the petition itself were properly denied renders any discussion of his claim of error in the denial of his motion to reargue those motions almost superfluous. The motion to reargue sought an opportunity to present evidence regarding the coercion of the defendant to *Page 750 
sign the acknowledgment of paternity in the hope that the court would reverse the prior rulings upon the motions to strike. The presentation of evidence in support of such motions is unknown to our practice. See Practice Book 155. The defendant might well have been able to present such evidence in attempting to litigate the issues which he has sought to raise in this appeal if he had filed a response to the petition raising appropriate defenses. No such pleading appears in the record before us and the trial court, therefore, was entitled to assume the truth of the allegations of the petition in entering the order of support against the defendant. American Masons' Supply Co. v. F. W. Brown Co., 174 Conn. 219, 228, 384 A.2d 378
(1978); Titcomb v. Richter, 89 Conn. 226, 229,93 A. 526 (1915).
We would be more concerned with the impact of our decision upon the constitutional rights of the defendant, which the irregularities in the procedure employed here have precluded us from considering, if the trial court did not have continuing jurisdiction in this kind of proceeding to modify or set aside at any time a support order which has been entered. General Statutes 17-324. In Stone v. Maher, 527 F. Sup. 10, 17 (D. Conn. 1980), the United States District Court for the district of Connecticut approved the basic claim of unconstitutionality made by the defendant against those portions of General Statutes 46b-172
which automatically give the status of a judgment to a duly executed acknowledgment of paternity, thereby precluding litigation of the issue. The court concluded that the opportunity of a putative father to seek modification or vacation of prior support orders provided adequate relief for those in the situation of the defendant. We have previously mentioned the necessity for affording the mother and the child involved an opportunity to protect their interests in a judicial determination of the *Page 751 
paternity issue. State v. Lombardo, Appellate Session of the Superior Court, Docket No. 673 (1980); see Stone v. Maher, supra, 18 n. 9. The record discloses no impediment to a full consideration of the defendant's claim that he is not the father of the child once he resorts to the prescribed procedure.
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.