[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES No. 156
The issue before the court is whether the plaintiff's motion to strike the defendant's special defenses should be granted.
On June 21, 1990, Sofika Demas, filed a one count complaint against the defendants William E. Orr III and Nancy G. Orr. The plaintiff alleges that on August 13, 1984 she loaned the defendants $3,000 at their request to be paid on demand, $500 of which has been repaid. On August 15, 1990, a default judgment was entered against both defendants for the $2,500 plus interest. On September 17, 1990, the court granted Nancy Orr's motion to open and set aside the judgment as to the defendant Nancy Orr only.
On September 28, 1990, Nancy Orr filed an answer and the following special defenses: (1) the action is based on an oral contract which is over three years old and which is barred by the statute of limitations contained in Conn. Gen. Stats.52-581; (2) the alleged debt is the sole responsibility of William E. Orr III and is barred by Conn. Gen. Stats.46b-36 and 46b-37; and (3) the action is barred against Nancy Orr by res judicata and collateral estoppel because the plaintiff obtained a judgment against the defendant William E. Orr III for the entire claim. On October 11, 1990, the plaintiff filed a motion to strike the three special defenses and a memorandum of law in support thereof. The defendant has filed a memorandum of law in opposition thereto.
A motion to strike may be used to contest "the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein CT Page 2168 . . . ." Conn. Practice Book 152(5).
In ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings. King v. Board of Education, 195 Conn. 90, 93 (1985). Alleging affirmative matter in a motion to strike makes it the equivalent of a "speaking motion to strike" which is not proper. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83 (1979). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense . . . the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09 (1985).
In addition, the trial court is limited to considering the grounds specified in the motion to strike. Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
The plaintiff has moved to strike the defendant's first special defense of the statute of limitations contained in Conn. Gen. Stats. 52-581 on the ground that the statute is inapplicable an therefore not legally sufficient defense. The plaintiff claims in her memorandum of law that Conn. Gen. Stats. 52-576 which applies to an action "on an account or on any simple or implied contract in writing" is the applicable statute of limitations rather than Conn. Gen. Stats. 52-581
which applies to an express contract or an agreement which is not reduced to writing. Whether the alleged contract is of a type controlled by Conn. Gen. Stats. 52-581 or by Conn. Gen. Stats. 52-576 presents a question of fact which has not yet been determined. "It is elementary that (a motion to strike) must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v. Bashura,37 Conn. Sup. 745, 748 (App. Sess. 1981) (emphasis added). Where the legal grounds for the motion to strike are dependent upon underlying facts which are not alleged in the pleading being addressed, the movant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 358 (1990). The plaintiff's motion to strike the defendant's first special defense is defective in that it relies on factual allegations which are not alleged in the pleading being addressed. Therefore, plaintiff's motion to strike defendant's first special defense is denied.
The defendant claims as her second special defense that the debt alleged by the plaintiff is the sole responsibility of her former husband and is barred by Conn. Gen. Stats. 46b-36
CT Page 2169 and 46b-37. The plaintiff in her motion to strike claims that these statutes do not bar the action as pled because the alleged loan was made to both the defendant and her former husband.
Plaintiff's motion to strike is dependent on a question of fact, which has not yet been determined. For the reasons applied to the discussion of the first special defense, the motion to strike the second special defense is denied.
The defendant claims as a third special defense that the present action is barred by res judicata and collateral estoppel because the plaintiff obtained a default judgment against the defendant's former husband, the defendant William E. Orr III, on August 15, 1990. The plaintiff in her motion claims that res judicata and collateral estoppel are not applicable and that the defendant is essentially claiming that the judgment against the other defendant discharges her of liability.
In a motion to strike, the allegations of the pleading involved must be construed in favor of the nonmovant and "if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The plaintiff's motion to strike the defendant's third special defense is defective in that it relies on factual allegations which are not alleged in the pleading which is being addressed. For the reasons applied to the discussion of the first special defense, the motion to strike the third special defense is denied.
The plaintiff's motion to strike the defendant's first, second and third special defenses is defective in that it relies on facts which are not alleged in the pleading being addressed. The defendant's motion to strike as to all three Special defenses is denied.
Joseph B. Clark, J.