[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Marion Torre and Renee Torre move to strike Count II of the plaintiff's complaint, which alleges that these defendants violated Conn. Gen. Stat. 47a-11(g) by failing "to require other persons on the premises to conduct themselves in a manner so as to not constitute a serious nuisance." (Count I of the complaint is directed to Rudy Torre, the third defendant, and alleges that he used the premises for the illegal sale of drugs.) The moving parties, hereafter called the "Defendants" for convenience, claim that Count II of the complaint is legally insufficient in two ways: (1) it fails to allege that the Defendants were given the so-called "Kapa" notice required by Conn. Gen. Stat. 47a-15; and (2) it fails to allege that the Defendants were given the pretermination notice required under applicable federal law, 24 C.F.R. § 883.708 (c). for federally subsidized housing.
Before a landlord may pursue the statutory remedy of summary process, the landlord must prove its compliance with all the applicable preconditions established by state and federal law for the termination of a lease. Jefferson Garden Associates v. Greene, 202 Conn. 128, 143 (1987). The complaint in a summary process action is insufficient if it fails to allege the delivery of notices which are necessary to the landlord's cause of action. Housing Authority of the City of Hartford v. Perez, Hartford Housing Session, No. SPH-8211-16901 HD, #415.
The Defendants' first contention is that the plaintiff landlord is obligated to give them the pretermination notice CT Page 1037 required under Conn. Gen. Stat. 47a-15. The plaintiff disputes this, claiming that a Kapa notice is not required on the facts of this case.
Under Section 47a-15, a Kapa notice is required prior to the initiation of a summary process action except where the action is based on (1) nonpayment of rent; (2) conduct by the tenant which constitutes a serious nuisance; or (3) a violation of subsection (h) of Section 47a-11. The Defendants argue that because Count II is based on a violation of Conn. Gen. Stat.47a-11(g), which is not one of the exceptions set forth in Section 47a-15, a Kapa notice is required and must be alleged in the complaint. The plaintiff, relying primarily on Hartford Housing Authority v. Ware, Hartford Housing Session, No. SPH 8703-37364, #829, contends that no Kapa notice is required because the case against the Defendants is one of serious nuisance, which is exempted.
The case against the Defendants is brought based solely on an alleged violation of Section 47a-11(g). Both the complaint and the notice to quit allege that the Defendants failed to "require other persons on the premises to conduct themselves in a manner so as to not constitute a serious nuisance. (emphasis added.) (At oral argument on the Motion to Strike, it became apparent that the plaintiff's claim against the Defendants is that they failed to prohibit the third defendant, Rudy Torre, from using the premises for the illegal sale of drugs.)
Section 47a-15 does not specifically exempt a claim under Section 47a-11(g) from the otherwise applicable Kapa notice requirement. Although Section 47a-11(h) is specifically exempted, Section 47a-11(g) is not. Summary process statutes are to be strictly construed. Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 600-601 (1953). Statutes which provide for exemptions or exceptions to otherwise applicable requirements are also to be strictly construed. Kulis v. Moll,172 Conn. 104, 110 (1976). It does not appear that the legislature intended to exempt Section 47a-11(g) actions from the Kapa notice requirements because the legislature did not specifically provide for such an exemption, although it did specifically exempt Section 47a-11(h) actions. The legislature may very well have perceived a logical difference between a case against a tenant based on his using the premises for illegal sale of drugs, where a pretermination notice is not required, and a case of failure to prohibit other persons from using the premises to illegally sell drugs, where a notice is apparently required. The court concludes that a summary process action based solely on a violation of Section 47a-11(g) is not exempt from the notice requirements of Section 47a-15. CT Page 1038
The plaintiff's claim that Count II sets forth an allegation of serious nuisance is belied by the plaintiff's own allegations. Count II is limited to an alleged violation of Section 47a-11(g), phrased in the exact wording of that subsection. Although plaintiff's counsel argues that the alleged action of the Defendants could constitute "serious nuisance" as defined in subsection (C) or (D) of Section 47a-15, the complaint does not allege "serious nuisance" on the part of the Defendants nor does it allege facts which implicate the provisions of Section 47a-15(C) or (D). In ruling on a Motion to Strike, the court is limited to the factual allegations of the pleading. State v. Bashura, 37 Conn. Sup. 745, 748 (1981). Hartford Housing Authority v. Ware, supra, is distinguishable because the landlord there apparently alleged a violation of Section 47a-11(g) as well as a "serious nuisance" as defined in Section 47a-15. (See page 3 of the decision.) In addition, it must be noted that the Ware decision, issued in 1987, pre-dated the 1989 amendment to Section 47a-15, which added the last sentence of the Section. This sentence provides that if the summary process action is based on Section 47a-11(g), and the defendant tenant claims to have no knowledge of the conduct that constitutes a serious nuisance,
 then, if the landlord establishes that the premises have been used for the illegal sale of drugs, the burden shall be on the tenant to show that he had no knowledge of the creation of the serious nuisance.
(emphasis added) This wording makes clear that the serious nuisance consists of the illegal sale of drugs, not of the failure to require other persons to desist from the illegal sale of drugs. Because the latter conduct does not constitute a serious nuisance, it is not excepted from Section 47a-15. (Hartford Housing Authority v. Claudio, Hartford Housing Session, Docket No. SPH 8706-38692, #856, also cited by the plaintiff, was decided in 1987 too, prior to the 1989 amendment to Section 47a-15, and relies in part on the Ware decision.) The Motion to Strike Count II of the complaint is granted for failure to allege the delivery to the Defendants of a notice under Section 47a-15 prior to beginning this summary process action.
The second basis for the Motion to Strike is the plaintiff's failure to allege that the plaintiff provided the Defendants with the required pretermination notice under federal law, 24 C.F.R. § 883.708 (c). Plaintiff does allege in its complaint that the lease between the parties is subject to the provisions of 24 C.F.R. § 883.708, but the complaint is silent as to the pretermination notice. As set forth on page 2 of this CT Page 1039 decision, the plaintiff must plead and prove the delivery of all notices which are preconditions to summary process judgment. The plaintiff must therefore plead the delivery of the federal pretermination notice, in whatever form it may have been given, in order for the complaint to be legally sufficient. The Motion to Strike Count II of the complaint is granted on this basis as well.
VERTEFEUILLE, JUDGE