[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COMPLAINT FOR MINOR'S DEATH BASED UPON DEFENSE OF PARENTAL IMMUNITY
Plaintiff Frederick D. Stanek, as administrator of the estate of Lisa Sledgeski, filed a single count complaint on April 14, 1992, against Alan and Dawne Hunte. The complaint, as later amended, alleged that on July 7, 1991, the decedent, a three year old female foster child, was under the care and supervision of the defendants. Plaintiff alleges that on July 7, 1991, the decedent, unsupervised and without her personal flotation device, gained access to the defendants, above ground swimming pool by climbing a pool ladder from stairs which were lowered to the ground level, entered the defendants, swimming pool and drowned. Plaintiff alleges that the defendants were negligent in failing to adequately supervise the decedent, in failing to secure the swimming pool, in failing to instruct the decedent to remain out of the pool, and in allowing the pool ladder to be left down. The plaintiff seeks damages for loss of the ability to carry on life's activities, medical care, treatment expenses, funeral expenses, and loss of future earnings.
The defendants have filed a motion to strike plaintiff's complaint in its entirety, claiming that the complaint fails to state a claim upon which relief can be granted in that the defendants enjoy sovereign immunity, as well as parent-child CT Page 8025 immunity, and are therefore not subject to suit. The defendants have filed a memorandum in support of the motion to strike. The plaintiff has filed a memorandum in opposition to plaintiff's motion to strike.
A motion to strike is the proper manner in which to challenge the legal sufficiency of the allegations of any complaint. Book 152. In determining the sufficiency of the Practice Book 152. In determining the sufficiency of the pleading, `[t]he trial court may not seek beyond the complaint for facts not alleged"; Cavallo v. Derby Savings Bank, 188 Conn. 281,283, 449 A.2d 989 (1982); and the motion to strike must rely wholly the factual allegations of the pleadings addressed and may not contain factual assertions which could only be proved by evidence at trial. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d (1990). The motion to strike admits all facts well pleaded; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985); and if the facts provable under the pleading would support defense or a cause of action, the motion to strike must fail. Id., 109. The court must construe the facts in the pleading in the light most favorable to the nonmoving party. Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988).
In support of the motion to strike the defendants argue that as foster parents to the decedent they are "employees" within the from of General Statutes 4-141, 4-165 and therefore are immune from suit pursuant to the doctrine of sovereign immunity. However, sovereign immunity is a defense that must be specially pleaded in accordance with Practice Book 164. Gentile v. State of Connecticut, 2 CSCR 431 (March 16, 1987, Kulawiz, J.). By claiming employee status under General Statutes 4-141 and 4-165 in the memorandum of support of the motion to strike, the defendants make assertions of fact not included in the complaint. See State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (1981). The defendants' motion to strike addresses facts outside the complaint and is the equivalent of a speaking motion to strike and should be denied. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,183, 415 A.2d 771 (1979). The court finds that the first ground does not support defendants' motion to strike.
The defendants `second basis for the motion to strike is that he defendants are immune from suit because of parent-child immunity. The defendants argue that, "if the foster parents in this case, the defendants, meet the definition of parents under Connecticut common law, they are immune from suit." CT Page 8026
At paragraph two of the amended complaint, the plaintiff alleges that:
 On July 7, 1991, the deceased, a three year old girl, was under the care and supervision of the defendants as a foster child, and as such, the defendants were custodians of the decedent and have been the custodians of the child the preceding nine months.
In raising the argument of parent-child immunity, the defendants' motion to strike calls for a legal conclusion predicated upon a factual situation — not set out in the amended complaint — as to how the defendants were the custodians of the child. Inasmuch as the resolution of the parental immunity issue could dispose of plaintiff's claims, the court should receive a clear picture of the factual underpinnings of the foster-parent and parent-custodian situation. A more appropriate procedural vehicle in this regard may be the motion for summary judgment.
The court finds that the second basis of the defendant's motion to strike is the equivalent of a speaking motion to strike. Connecticut State Oil Co. v. Carbone, supra; see also, Gentile v. State of Connecticut, supra. Accordingly, the motion to strike is denied on said basis.
Clarance J. Jones, Judge