[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
ISSUE
Whether this court should grant plaintiff's motion to strike defendants' special defense.
Because the plaintiff's motion to strike would require the court to examine facts outside the pleadings and attacks the merits of defendants' special defense, the motion to strike is denied.
FACTS
The plaintiff, Commissioner of Environmental Protection of the State of Connecticut, issued a final order and decision on July 19, 1991, directing the defendants, Michael and Barbara Julian, to submit a plan for the removal of unauthorized material and restore a waterbody to its natural condition in accordance with the procedures set forth in an enforcement order. Defendants did not appeal the final order and decision to the superior court.
On December 12, 1991, the plaintiff filed a complaint against defendants, alleging in three counts that they failed to submit a written plan for the removal of the unauthorized fill and restoration of the waterbody in accordance with the enforcement order issued by the Connecticut Department of Environmental Protection ("DEP"). Count two of plaintiff's complaint alleges that defendants began removing the unauthorized material without obtaining the necessary review and approval of the DEP as required by the enforcement order. Finally, count three of plaintiff's complaint alleges defendants knowingly or negligently violated the enforcement order issued by the DEP. As a result, plaintiff requests temporary and permanent injunctions and statutory civil penalties.
On June 24, 1993, defendants filed an amended answer and special defense to plaintiff's complaint, alleging that on April 1, 1991 the Inland Wetland Commission for the Town of Stratford ordered defendants to remove the unauthorized fill by September 30, 1991. In their special defense, defendants assert that "[p]ursuant to the removal order issued by the Inland Wetland Commission for the Town of Stratford, [they] removed all unauthorized fill prior to September 30, 1991." Defendants further assert the Inland Wetland Commission for CT Page 8484 the Town of Stratford approved the removal of the fill. Finally, defendants assert that "[p]laintiff was fully aware and had been advised by the Stratford Inland Wetland Commission that removal of the fill was being undertaken by defendants under requirements for removal issued by the Inland Wetland Commission for the Town of Stratford."
On July 7, 1993, the plaintiff filed a motion to strike defendants' revised special defense on the ground that the DEP has sole jurisdiction to regulate the tidal, coastal and navigable waters of the state waterward of the high tide line pursuant to General Statutes 22a-359, and any action taken by the Stratford Inland Wetland Commission relating to any activity waterward of the high tide line is preempted. In addition, plaintiff alleges since the issue of its jurisdiction over the site was determined in the final order and decision from which defendant did not appeal to the superior court, the issue of jurisdiction is res judicata.
As required by Practice Book 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendants have timely filed a memorandum in opposition.
DISCUSSION
"The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action." PB 164. Similarly partial defenses, such as partial payment, comparative negilgence, [negligence] and the like must be pleaded as special defenses. PB 164.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "A motion to strike can be used to contest the legal sufficiency of any complaint, counterclaim or cross complaint, or any part of [an] answer including any special defense contained therein." Rowe v. Godou, 209 Conn. 273, 280
n. 10, 550 A.2d 1073 (1988). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, supra. "A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading at which the CT Page 8485 motion is directed." Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 497, 495 A.2d 286 (1985). A "court will not . . . grant . . . the motion to strike on a ground not alleged in the motion. . . . Blancato v. Feldspar Corporation,203 Conn. 34, 44, 522 A.2d 1235 (1987).
The plaintiff argues in its motion to strike that "[t]he Commissioner of Environmental Protection has sole jurisdiction to regulate the placement of fill in the tidal, coastal and navigable waters of the state waterward of the high tide pursuant to General Statutes 22a-359 and any action of the . . . Stratford Inland Wetland Commission relating to any activity waterward of the high tide is preempted." (Plaintiff's Motion to Strike, para. 1). It further argues that the issue of jurisdiction over the site in question is res judicata because defendants did not appeal the final order and decision issued by the DEP.
The motion to strike defendants' special defense is improper because a determination of proper jurisdiction over the site in question would require evidence outside of the pleadings. Likewise, the interpretation of General Statutes22a-359, cited by the plaintiff in support of its motion to strike, requires evidence outside of the pleadings. The parties disagreement over who has proper jurisdiction over the site in question can be resolved only by a court's construction of the statute. Since such a construction requires evidence, the motion to strike is improper. A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which [can] only be proved by evidence." State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785, 787 (1981). With its motion to strike, plaintiff is attempting to reach the merits of the special defense rather than test its legal sufficiency.
In the instant case two agencies each claim jurisdiction over the particular wetlands in question. The plaintiff claims that it, rather then the Stratford Inland Wetlands Commission, has jurisdiction over such site. The special defense alleges that the defendant, in response to an order of the Stratford Inland Wetland Commission corrected the problem as ordered by that Commission, which order was issued three months prior to the date of the order of the plaintiff, sought to be enforced herein. The order of the Wetland Commission CT Page 8486 had a terminal date of compliance, September 30, 1991, which had to be met by the defendant and which, it is claimed, was met. The Inland Wetlands Commission obviously believes that it has jurisdiction over the site.
The question of which of the agencies has jurisdiction is a question of fact. It is conceivable that that agencies have concurrent jurisdiction. The defendant cannot be expected to respond to two agencies, each of whom claim jurisdiction and whose orders appear to be inconsistent and allegedly contradictory in some respects.
There is no indication that the Inland Wetlands Commission was a party to the administrative proceedings initiated by the plaintiff. The defendant cannot confer upon the plaintiff subject matter jurisdiction if it is ultimately determined that the Inland Wetlands Commission has exclusive jurisdiction PB 145. Similarly if it is ultimately determined that the two agencies have concurrent jurisdiction further issues arise as to the effect of one agency exercising its perogatives [prerogatives] and a second agency thereafter issuing differing or conflicting orders. The special defense allege that the plaintiff was fully aware of the Inland Wetland Commission's orders and took no steps to assert its claimed exclusive or even concurrent jurisdiction, but rather allowed the work to proceed under that order.
If the question of agency jurisdiction is ultimately resolved in favor of the plaintiff exclusively then the fact of work performed under the order of the Inland Wetland Commission goes to the question of damages.
The defendant has the right to assert and prove compliance, partial or complete, with the requisites of the plaintiff's order through performance of the work accomplished under the Inland Wetland Commission order. See Carothers v. Capozziello, 215 Conn. 82, 103, 104.
Under the circumstances herein the special defense is properly pleaded. The motion to strike the special defense is denied.
L. Paul Sullivan, J CT Page 8487