[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
BACKGROUND
On February 9, 1993, the plaintiffs, David J. Viola, Jr. and Caryl A. Viola, (Viola) filed a five count amended complaint dated January 25, 1993, against the defendants, Benchmark Corporation (Benchmark) and Roland E. Anderson (Anderson). According to the facts alleged in the amended complaint, in April 1990, the plaintiffs and Benchmark entered into a written contract to CT Page 4171 purchase land and a new residential home under construction thereon in Madison, Connecticut. On September 27, 1990, the plaintiffs purchased by warranty deed the land and the house from Benchmark. At that time, Benchmark agreed to remedy any defects and omissions in the construction. The plaintiffs allege that Benchmark has failed to remedy the defects despite requests from the plaintiffs to do so.
Count one alleges a violation of General Statutes § 47-118, which sets out the implied warranties applicable in the sale of new homes. Specifically, the plaintiffs allege that Benchmark violated the implied warranties that the structure would be free from faulty materials, constructed according to sound engineering standards and constructed in a workmanlike manner.[1] Count two alleges that Benchmark breached an express warranty that it would complete the house and grounds in conformity with the contract and with General Statutes § 47-117, governing express warranties in new home construction. Count three alleges that Benchmark breached its contractual duty to construct the residence in a workmanlike manner and that Anderson negligently allowed the house to be constructed with defects. Count four alleges that the defendants trespassed on the plaintiffs' property in the course of constructing a house on property adjacent to that of the plaintiffs. Count five alleges that Benchmark and Anderson violated General Statutes, § 42-110 in that their actions constituted an unfair trade practice which caused ascertainable loss to the plaintiffs.
On July 1, 1993, the defendant Anderson moved for summary judgment on counts one, two, three and five of the amended complaint. Anderson claims that these counts fail to state a cause of action against him individually. Anderson argues that these counts allege a breach of contract by Benchmark and a statutory cause of action against Benchmark under General Statutes §§ 47-117
and 47-118. Anderson claims that the plaintiffs have pled neither a breach of a contractual duty owing from Anderson to the plaintiffs nor have they pled facts concerning a negligent breach of duty.
Also on July 1, 1993, Benchmark and Anderson filed a motion for summary judgment as to count four. The defendants admit entering on the property of the plaintiffs but claim that they did so with the express permission of the plaintiffs. The defendants submitted the affidavit of Anderson which avers that the plaintiff, David J. Viola, Jr., permitted the entry onto his property. CT Page 4172
The plaintiffs filed memoranda in opposition to the motions for summary judgment on July 28, 1993. A supplemental memorandum in opposition was filed by new counsel for the plaintiffs on December 5, 1994. The arguments in opposition to the motions for summary judgment are set out below.
LEGAL STANDARD
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). "[T]he opposing party must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.)Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). In ruling on a summary judgment motion the court is "obligated to accept as true all well pleaded facts and the . . . evidence offered in opposition to the . . . motion, and to determine whether the . . . claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 110.
DISCUSSION
1. Defendant Anderson's Motion for Summary Judgment as to Counts One and Two.
The defendant Anderson moves for summary judgment on counts one and two on the ground that these counts do not allege a cause of action against Anderson individually. In their memorandum in opposition, the plaintiffs concede that counts one and two are directed toward Benchmark and not toward Anderson. In addition, the amended complaint specifies that the first and second counts are against the defendant Benchmark. Accordingly, the defendant Anderson's motion for summary judgment on these counts is inappropriate. CT Page 4173
2. Defendant Anderson's Motion for Summary Judgment as to Count Three.
Count three of the amended complaint alleges that Anderson is an officer of Benchmark; was present at the subject work site on a daily basis during the period of construction; and exercised full control over the workmen involved in building the residence. The plaintiffs allege that Anderson was under a duty to ensure that the house was completed in a workmanlike manner. The plaintiffs allege that Anderson breached his duty in that he negligently allowed the house to be constructed with defects.
Anderson moves for summary judgment claiming that the third count states no viable cause of action against him in contract or in negligence. However, the third count does not allege a breach of contract claim against Anderson. Anderson also argues that there are no facts concerning a negligent breach of a duty running from Anderson to the plaintiffs. It appears that Anderson argues that because the third count does not state a cause of action against him, there is no genuine issue of material fact and he is entitled to judgment as a matter of law.
Anderson relies on Beckman v. Jalich Homes, Inc., 190 Conn. 299,460 A.2d 488 (1983) in support of his proposition that the third count does not allege a cause of action against him. The plaintiffs in Beckman brought an action against Jalich Homes, Inc., and the president of the corporation both individually and as agent for the corporation, for breach of contract and breach of warranty in the construction of a new home. The purchase agreement signed by the plaintiffs designated Jalich Homes, Inc. as the seller. Id., 304. The agreement was subscribed in the corporate name by the president of the corporation. Id. The president signed no papers or documents in his individual capacity for the construction and sale of the residence. Id., 305. Based on the facts of that case, the court upheld the trial court's determination that the plaintiffs contracted exclusively with the corporation and that the evidence did not support the plaintiffs' claim that the president of the corporation individually contracted with the plaintiffs to construct the residence. Id., 306. The plaintiffs in Beckman,
however, did not allege a negligence claim against the officer of the corporation individually. Therefore, Beckman is distinguishable from the present action.
The plaintiffs cite Scribner v. O'Brien, Inc., 169 Conn. 389, CT Page 4174363 A.2d 160 (1975) in support of their position that count three properly alleges a cause of action against Anderson individually. In Scribner, the plaintiffs entered into a contract for the purchase of land and the construction of a residence thereon. Id. 392-93. The contract was signed by the plaintiffs and Harry O'Brien, president of O'Brien, Inc., a Connecticut corporation. The court found that O'Brien signed the contract in his capacity as president of O'Brien, Inc., the named defendant, not in his individual capacity. Id., 393. The defendants claimed on appeal that the trial court erred in finding the defendant O'Brien individually liable to the plaintiffs since O'Brien did not sign the contract for sale in his individual capacity. Id., 403. The court noted that the evidence showed "that O'Brien was present at the property on a daily basis, that he undertook to supervise the construction, and that he failed to act with reasonable care in that undertaking . . ." Id., 403-04. The court stated that "[w]hether O'Brien was acting in his individual capacity or as an officer and agent of the named defendant, he is still liable to the plaintiffs for his participation in the negligence complained of." Id., 404. The court held that where "an agent or an officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Id. Thus, Scribner recognizes the propriety of claims for negligence in the sales of new homes by builders-vendors. Johnson v. Healy, 176 Conn. 97, 102, 405 A.2d 54
(1978).
Anderson challenges the legal sufficiency of count three by a motion for summary judgment. See Meyer v. Valley Forge InsuranceCo., 3 Conn. L. Rptr. 456 (April 11, 1991, Maiocco, J.) (stating that "[a] given complaint can be evaluated for legal sufficiency (on a motion to strike) or on summary judgment grounds); BoucherAgency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971) (stating that "[t]he proper way to have tested the legal sufficiency of the complaint would have been by [motion to strike] before the pleadings were closed or, after answer had been filed, by a motion for summary judgment. . . ."). On the basis ofScribner and the facts alleged in the amended complaint, count three properly alleges a negligence claim against Anderson. Thus, the motion for summary judgment on count three must be denied.[2]
3. Defendants Benchmark and Anderson's Motion for Summary Judgment as to Count Four.
The fourth count of the plaintiffs' complaint alleges that the CT Page 4175 defendants trespassed on the plaintiffs' property. In support of their motion for summary judgment, the defendants submitted the affidavit of Anderson which avers that he had the express permission of the plaintiff, David J. Viola, Jr., to enter on the plaintiffs' land. In support of their memoranda in opposition to the motion, the plaintiffs submitted the affidavits of David J. Viola, Jr. which attest that he did not grant the defendants permission to enter on his land.
The party opposing a motion for summary judgment must "substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.)Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., supra, 33 Conn. App. 567. The plaintiffs have demonstrated the existence of a disputed factual issue, namely whether the defendants had permission to enter on the property of the plaintiffs. Accordingly, the motion for summary judgment on count four must be denied.
4. Defendants Anderson's Motion for Summary Judgment as to Count Five.
Anderson has moved for summary judgment on count five which alleges that the conduct of Benchmark and Anderson constituted unfair or deceptive acts or practices in violation of General Statutes § 42-110a. However, the defendant has failed to brief his motion for summary judgment on count five. It is well-settled that issues not briefed are considered abandoned. See Esaw v.Friedman, 217 Conn. 553, 554 n. 1, 586 A.2d 1164 (1991) (plaintiff's claim of improper jury instructions deemed abandoned for failure to brief); State v. Bashura, 37 Conn. Sup. 745, 748-49, 436 A.2d 785
(1981) (failure of a defendant to brief grounds relied upon in a motion to strike entitled the court to treat those issues as abandoned). Accordingly, the court should not consider Anderson's motion for summary judgment as to count five.
Nonetheless, addressing the defendant's argument on the merits, the defendant's motion must fail. In Krawiec v. BlakeManor Development Corp., 26 Conn. App. 601 (1992), the finding of a violation of the Connecticut Unfair Trade Practices Act (CUTPA) under factually similar circumstances was upheld by the Appellate Court. The defendant's motion for summary judgment as to count five must be denied. CT Page 4176
CONCLUSION
On the basis of the foregoing, the Motion For Summary Judgment As To The Defendant Roland E. Anderson As To Counts One, Two, Three And Five (#114) is denied; and the Motion For Summary Judgment As To All Defendants As To Count Four (#115) is denied.
So ordered.
Michael Hartmere Judge of the Superior Court