[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
In this case the plaintiff brought an action to recover down payment paid to the defendant for truck parts which allegedly failed to conform to the specifications of the sales contract. Paragraph 6 of the first count of the Revised Complaint explicitly defines how the bargained for items "did not conform to the agreed upon specifications." It is claimed "they did not have factory punched holes fitting the frame specifications of plaintiff's vehicle." This is the basis of the breach of CT Page 7572 contract claim in the first count and forms a necessary element of the misrepresentation and CUTPA claims in the second and third counts. To the breach of contract first count, the defendant has made the following special defense:
 "Because the Plaintiff refused to allow Bridge Haven Ford the opportunity to cure any alleged defect in the rails, as is Bridge Haven Ford's statutory right under § 42-2-508 (1), the Plaintiff is not entitled to relief for breach of contract."
As to the misrepresentation count, the same refusal is cited and the special defense goes on to say that, based on its rights under the just mentioned statute, "the plaintiff did not suffer any detriment by relying on Bridge Haven Ford's alleged misrepresentation and is not entitled to relief for misrepresentation."
To the CUTPA count, a special defense relying on § 42-2-508 (1) is also made and it is asserted that because the defendant did not have the opportunity to cure any defect under the statute, "the plaintiff did not suffer an ascertainable loss required for a violation of CUTPA C.G.S. § 42-11Ob."
The plaintiff has filed a motion to strike claiming the these special defenses are legally insufficient because the simply state legal conclusions rather than facts which are consistent with the plaintiff's statement of facts but show that, notwithstanding, there is no cause of action.
To properly address this motion, the language of § 42-2-508 (1) should be set forth:
 "(1) Where any tender or delivery by the seller is rejected because nonconforming and the time for nonperformance has not yet expired, the seller may seasonably notify the buyer of his (sic) intention to cure and may within the contract time make a conforming delivery."
When a motion to strike is filed, the pleading subject attack must be given every favorable inference. Amodio v.Cunningham, 182 Conn. 80 (1980). Also, "such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v.Bashura, 37 Conn. Sup. 745 748 (1981). Thus, "speaking" CT Page 7573 motions to strike are not allowed which resort to facts outside the pleadings. However, a court should be able to refer to all the pleadings, especially those of the moving party, in order to determine whether in that context the pleading subject to attack is legally sufficient, sets forth sufficient facts and is not merely conclusory.
In that respect, the special defenses here are not completely conclusory and do reference factual allegations that are part of the pleadings. Thus, the plaintiff makes explicit its own pleadings what the "defect" is. There is no necessity for the defendant in its special defense to merely repeat a factual allegation which is already part of the pleadings and which both parties must be assumed to understand as the factual allegation being referred to by the defendant. In Conte v. LincolnMercury, 172 Conn. 112, 122 (1976), the court said: "Under the Uniform Commercial Code, the dealer did have the right to attempt to cure any defects in the automobile; § 42-2-508; but this opportunity does not last for an indefinite period of period of time." The word "cure" is a word of art and it obviously relates to "defect" the buyer claims is involved in the goods that were delivered pursuant to the contract. The offer to "cure" is defined by the nature of the defect and a party should not have to plead evidence as to how the "cure" is to be effected.
However, in part the court does agree with the plaintiff's claim that the special defenses are legally insufficient but only in the sense that certain additional facts must be plead. The basis of all the three special defenses asserted here is that the plaintiff allegedly "refused to allow Bridge Haven Ford the opportunity to cure any alleged defect." This language does not necessarily comply with the statutory requirement of § 42-2-508 (1) that, for its provisions to operate, the time for performance must not yet have expired and the seller must "seasonably notify" the buyer of its intention to cure. The should be some factual claim that there was a seasonable notification of the intention to cure and that the notification was seasonable because, under the terms of the contract, the time for performance had not yet expired. In other words, the fact that, as the special defenses assert, the seller was denied an "opportunity" to cure is no defense under § 42-2-508 (1) unless the intention to do so was seasonably communicated and it was done so within the time for performance stated in the contract or permitted by the nature of the contract. The court CT Page 7574 will grant the motion to strike or, alternatively, will base its action on P.B. § 108 which gives the court the right on its own initiative to order a fuller or more particular statement if the pleadings do not sufficiently define the issues in dispute.[1] In order that the issue may be joined on a defense under § 42-2-508 (1) and discovery may proceed in an orderly manner, the special defenses should be amended to reference the further factual allegations indicated by the court as necessary.
Corradino, J.