[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The plaintiffs complaint which sounds in negligence, reckless conduct, and products liability alleges the following facts: On March 21, 1996, the plaintiff, Timothy Walls, reported to work for the defendant Cablevision. At approximately 9:00 a.m. that day, the plaintiff, while performing duties in furtherance of his employment with Cablevision, attempted to close a garage door. The garage door descended upon a garbage can. The plaintiff removed the garbage can from beneath the door when the door suddenly gave way and collapsed onto the plaintiff's left leg. As a result of this incident, the plaintiff suffered severe emotional and physical injuries including the amputation of his left leg. Additionally, the plaintiff's wife, Felice Walls, alleges that as a result of this incident, she suffered substantial financial and emotional injuries including loss of consortium.
At some time prior to March 21, 1996, the defendant Crawford entered into an agreement with Cablevision whereby Crawford performed maintenance and repair work on the garage door in question. The complaint alleges that during the course of this maintenance, Crawford Door removed safety devices which were attached to the garage door. The complaint alleges that the removal and failure to replace these safety devices constituted reckless and wanton conduct on the part of the defendant Crawford Door. CT Page 11557
On June 18, 1998, the defendant, Crawford Door, filed a motion to strike the sixth, seventh, and eighth counts of the plaintiffs' complaint.[1]
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v.Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (App. Sess. 1981). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in a manner most favorable to sustaining its legal sufficiency." Bhinder v. Sun Co., 246 Conn. 223, 226, ___ A.2d ___ (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v.Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). Nevertheless, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant, Crawford Door, argues that the court should strike counts six and eight of the plaintiffs' complaint because they "fail to allege sufficient facts to support a claim for either reckless or intentional conduct on the part of the defendant." The defendants argue that the plaintiffs "failed to allege any additional facts other than those originally alleged in the negligence count."
In opposition to the motion to strike, the plaintiffs argue that "[t]he [s]ixth count of the complaint alleges a count in reckless and wanton misconduct against the defendant . . ." Specifically, the plaintiffs argue that "[s]ubparagraphs (a)-(c) allege that the defendant permitted a dangerous and defective door to remain upon the premises, with reckless disregard for the consequences to persons such as . . . the plaintiff." Further, the plaintiff argues that "[s]ubparagraph (d) specifically alleges knowledge on the part of the defendant of the missing safety device [and that] subparagraph (f) alleges actual removal of the safety devices by the defendant Crawford . . ."
In Connecticut, "[i]t is well established that causes of action for negligence and wilful or malicious conduct' are CT Page 11558 separate and distinct causes of action. There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." Warner v. Leslie-Elliot Contractors.Inc., 194 Conn. 129, 138, 480 A.2d 489 (1984).
The legal concepts of "wanton and reckless" and "wilful, intentional, and reckless" conduct are indistinguishable in the context of common-law tort actions. See Elliot v. Waterbury,245 Conn. 385, 415, ___ A.2d ___ (1998). "In order to establish that [a] defendant['s] conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . [Such conduct] is more than negligence . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . [In sum, such] conduct tends to take on an aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Id.
In the present case, the plaintiffs separately plead causes of action alleging negligence and recklessness on the part of Crawford. Specifically, the plaintiffs allege in count five that Crawford was negligent in, among other things, the manner in which it maintained and repaired the garage door in question. Count six alleges that the defendant acted "recklessly and wantonly [by] removing safety devices appurtenant to [the] door . . . with reckless disregard for the consequences to . . . the plaintiff." Similarly, count eight alleges that this reckless conduct on the part of the defendant "has . . . deprived [the plaintiff Felice Walls] of the society, consortium and services of her husband . . ."
The conduct alleged by the plaintiffs could be characterized by a trier of fact as "highly unreasonable conduct . . . involving and extreme departure from ordinary care . . ." Elliot v. Waterbury, supra,245 Conn. 415. The inference can be properly inferred from the plaintiffs' complaint that the plaintiffs' are alleging that the defendants intentionally removed safety devices and did not replace those CT Page 11559 devices. In Connecticut, "[t]he allegations of [a] pleading . . . are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a . . cause of action, the motion to strike must fail." Clohessy v. Bachelor,237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). Moreover, "[w]hat is necessarily implied need not be expressly alleged." Clohessy v.Bachelor, supra, 237 Conn. 33 n. 4.
There is no need for the plaintiffs to allege that the defendants intended to or made a "conscious choice" to injure the plaintiffs in order for the plaintiffs to maintain a cause of action sounding in recklessness. The plaintiffs' properly allege all of the elements necessary to establish a claim for recklessness. Accordingly, the sixth and eighth counts of the plaintiffs' complaint are legally sufficient, thus the defendant's motion to strike counts six and eight of the plaintiffs' complaint is denied.
The defendant also raises an alternative argument for striking count eight of the plaintiffs' complaint. The defendant argues that the court should strike count eight because "it is a loss of consortium claim alleging damages to a spouse resulting from the intentional misconduct of a third party." The defendant contends that "loss of consortium claims . . . are derivative from causes of action of the injured spouse based on common law negligence." In other words, the defendant argues that a loss of consortium claim cannot be based upon intentional misconduct.
The defendant's argument is without merit. Indeed, "[t]he action for loss of consortium developed at common law in the context of suits by the husband for damages stemming from interference the marital relationship. See 3 Blackstone, Commentaries. pp. 138-40. Interference with the husband's rights to his wife's services or society, whether of an intentional ornegligent nature, gave rise to a cause of action based on [loss of consortium] . . ." (Emphasis added.) Hopson v. St. Mary'sHospital, 176 Conn. 485, 487, 408 A.2d 260 (1979). Because a loss of consortium cause of action may be based upon either intentional or negligent conduct, the defendant's motion to strike count eight of the plaintiffs' complaint is denied.
Based on the foregoing, the court denies the defendant's motion to strike counts six, seven, and eight of the plaintiffs' complaint. CT Page 11560
MINTZ, J.