[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Lore Saturno and her husband, Alfred Saturno, brought this action against the defendant. Dovenmuehle Funding, Inc., alleging that the defendant mishandled Lore Saturno's application for mortgage refinancing. The plaintiffs filed a revised complaint asserting five counts against the defendant, however the court, Lewis, J., granted the defendant's motion to dismiss the second count.[1] In counts one, three and four, the plaintiffs allege violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. In count five, the plaintiffs allege a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42a-110a et. seq. The defendant now moves to strike these remaining counts of the complaint on the grounds that (1) the complaint alleges legal conclusions; (2) the complaint fails to plead facts; (3) the complaint fails to state a cause of action under the FCRA; and (4) the plaintiffs' efforts to acquire credit were not primarily for household, personal or family purposes. as required by the FCRA, 15 U.S.C. § 1681 a.
At the outset, this court notes that the defendant failed to include legal arguments in its memorandum in support of two of its grounds for its motion to strike. Specifically, the defendant has failed to brief the grounds that (1) the complaint alleges legal conclusions; and (2) the complaint fails to plead facts. "When a party fails to brief grounds for a motion to strike, the court will "treat those issues as abandoned,'"Moss Ledge Associates, LLC v. Firestone Building Products, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 170167 (October 27, 1999, Karazin, J.); accord State v. Bashura,37 Conn. Sup. 745, 748-49, 436 A.2d 785 (1981) (failure to brief grounds CT Page 14899 relied upon in a motion to strike entitled the court to treat those issues as abandoned); see also Connecticut National Bank v. Giacomi,242 Conn. 17, 44-45, 699 A.2d 101 (1997) (arguments that are not adequately briefed are deemed abandoned). Therefore, the court will not consider these grounds as it deems them to have been abandoned.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997); see also Practice Book § 10-39. "It is fundamental that in determining the sufficiency of a complaint challenged by a defendants motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 523, 753 A.2d 927 (2000).
"The proper way to cure any confusion [regarding a complaint] is to file a request to revise, not a motion to strike the entire complaint."Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988); accord Doe v.Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); Practice Book § 10-35. Moreover, a motion to strike is not the proper procedural vehicle for contradicting a plaintiff's allegations of fact or for alleging facts which are consistent with a plaintiff's allegations but show, notwithstanding, that the plaintiff has no cause of action. See Practice Book § 10-50. Where the grounds for a motion to strike are dependent upon underlying facts not alleged in the pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). In other words, "[a] "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v.Marselle., supra, 38 Conn. App. 363. citing Liljedahl Bros., Inc. v.Grigsby, supra, 215 Conn. 348.
 Alleged Violations of the Fair Credit Reporting Act (FCRA).15 U.S.C. § 1681 et seq.
Preliminarily, this court notes that the stated purpose of the FCRA,15 U.S.C. § 1681 et. seq., is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the CT Page 14900 confidentiality, accuracy, relevancy and proper utilization of such information in accordance with the requirements of [the FCRA]."15 U.S.C. § 1681 (b). Thus, the FCRA was crafted to protect consumers[2] from inaccurate information in consumer reports and to establish credit reporting procedures that utilize correct, relevant, and current information in a confidential and responsible mariner. Jones v.Federated Financial Reserve Corp., 144 F.3d 961, 965, (6th Cir. 1998);Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1333 (9th Cir. 1995); see also Washington v. C.S.C. Credit Services, Inc.,199 F.3d 263, 265 (5th Cir. 2000). cert. denied, 530 U.S. 1261,120 S.Ct. 2718, 147 L.Ed.2d 983 (2000) (stating that central purpose of the FCRA is to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' credit information).
The first, third, and fourth counts of the plaintiffs' complaint allege the following basic facts. The defendant is a business engaging in a variety of financial services, including but not limited to commercial and personal lending. In 1998, Lore Saturno submitted a credit application to the defendant for the refinancing of a mortgage originally issued in 1996. The original mortgage was in good standing, inasmuch as there was no outstanding past due arrearage, at the time when Lore Saturno submitted her credit application, as well as throughout the application process. The defendant denied Lore Saturno's application purportedly based on information supplied by a credit reporting bureau.
In count one, the plaintiffs further allege that the defendant failed to provide timely notice of the name and address of the credit reporting bureau, and also failed to provide timely notice of a right to request a free copy of the consumer credit report from that bureau, in violation of the FCRA, 15 U.S.C. § 1681m.[3] In count three., the plaintiffs allege that the defendant discussed Lore Saturno's credit application with Alfred Saturno without Lore Saturno's permission, in violation of the FCRA, 15 U.S.C. § 1681 et. seq., and that Alfred Saturno was neither a co-applicant for refinancing nor a co-obligor on the original mortgage. In count four, the plaintiffs further allege that the defendant obtained a copy of Alfred Saturno's credit report without his knowledge or consent, then improperly denied Lore Saturno's application for refinancing based on that report, in violation of the FCRA,15 U.S.C. § 1681m[4] and 1681n.[5]
The defendant argues that counts one, three and four of the complaint fail to assert claims within the scope of the FCRA because the FCRA only protects parties who plead that they are consumers seeking credit for household, personal or family purposes. In support of this argument, the defendant relies upon a provision of the FCRA, specifically,15 U.S.C. § 1681a (d)(1).[6] The defendant points out that in counts one, three CT Page 14901 and four, the plaintiffs fail to allege that the credit sought was primarily for household, personal or family purposes. Furthermore, the defendant argues that the credit sought in this case was for an investment property which was not the plaintiffs' primary residence and therefore, the plaintiffs are not entitled to the protections of the FCRA. The defendant concludes that the plaintiffs' first, third and fourth counts are legally insufficient and should be stricken. In response, the plaintiffs argue that the defendant's motion should be denied as an improper "speaking motion. " because it based upon purported "facts" which are not alleged in the plaintiffs' complaint. The plaintiffs maintain that the first, third and fourth counts of the complaint set forth legally cognizable causes of action under the FCRA.
The court finds that section 1681a of the FCRA does not impose the type of specific or narrow pleading requirement, urged by the defendant, upon parties seeking to invoke the protections afforded by the FCRA. Section 1681a (d)(1) simply defines the term "consumer report" to mean something that may be used or collected for the purpose of serving as a factor in establishing the consumer's eligibility for: "(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized undersection 604 [15 U.S.C. § 1681b]." (Emphasis added.) See 15 U.S.C. § 1681a
(d)(1)(A)-(C).[7] Contrary to the defendant's assertion, section 1681a (d)(1) does not require parties to plead that they sought credit primarily for personal, family or household purposes in order to sufficiently plead a cause of action under the FCRA. Furthermore, to the extent that the defendant relies upon the "fact" that the plaintiffs sought credit for an investment property, a "fact" that is not alleged in the complaint, the defendant's motion is an improper "speaking" motion.[8] Accordingly. the defendant's motion to strike counts one, three and four is denied.
 Alleged Violation of the Connecticut Unfair Trade Practices Act (CUTPA)
In count five, the plaintiffs allege that the defendant's conduct is "immoral, oppressive and unscrupulous," constituting an "unfair and deceptive act or practice" in the conduct of a trade or business in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42a-110a et. seq. The defendant argues that the plaintiffs must allege that the defendant is in the trade or business from which the actionable conduct arose, citing General Statutes § 42-110b and A-GFoods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 579 A.2d 69 (1990). According to the defendant, the plaintiffs have not alleged that trade or business of the defendant and therefore, the CUTPA claim should be stricken. Furthermore, the defendant argues that it is not in the trade or business of creating credit reports and it is not a credit reporting CT Page 14902 agency, nor does count five so allege. In response, the plaintiffs maintain that count five is legally sufficient.
The court notes that the defendant's arguments relating to the plaintiffs' CUTPA count are not represented by the grounds asserted on the face of its motion. Because the defendant did not specify the distinct reason for the claimed insufficiency of the CUTPA count on the face of its motion, the motion was fatally defective as to this count under Practice Book § 10-41, notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. See Bouchard v. People'sBank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). Nevertheless, this court will address the defendant's CUTPA arguments in the form presented. due to the plaintiffs' failure to object to its form and the non-jurisdictional nature of Practice Book § 10-41. See id.
"In order to allege a CUTPA violation properly, the plaintiff must allege . . . that the acts complained of were performed in a trade or business.' (Internal quotation marks omitted.) Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903,634 A.2d 296 (1993); see also Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 670, 613 A.2d 838 (1992) (court affirmed trial court ruling which granted motion to strike CUTPA claim because "the plaintiff [did] not allege that the defendant committed these acts in the conduct of any trade or commerce.").
In the present case, the plaintiffs allege in their fifth count that the defendant is a business engaging in a variety of financial services, including but not limited to commercial and personal lending, and that the defendant committed "unfair or deceptive acts or practices within the conduct of a trade or business." Viewing the allegations in the light most favorable to the nonmoving party, the plaintiffs have sufficiently alleged that the defendant's acts were performed in a trade or business, as required to support a CUTPA claim. Accord Frantz v. Romaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 176623 (March 27, 2001, D'Andrea, J.) (court denied motion to strike CUTPA claim because plaintiff alleged that defendants' acts were performed in a trade or business). Furthermore, the court finds that to the extent that the defendant relies upon the "fact" that the defendant is not in the trade or business of creating credit reports and the "fact" that it is not a credit reporting agency — "facts" that are not alleged in the complaint — the defendant's motion is an improper "speaking" motion. The defendant's motion to strike count five is therefore denied
In light of the foregoing, the defendants motion to strike counts one, three, four and five of tile complaint is denied. CT Page 14903
So Ordered,
D'ANDREA, J.T.R.