EMMA G. CALL, libelant, *vs.* MOSES CALL.

Lincoln, 1875.—May 31, 1876.

*Divorce. Exceptions.*

After divorce decreed in a libel suit, and upon the wife's motion for alimony and provision for child, the court may order the husband to pay separate sums for the support of the wife and of minor child, and enforce the order by separate executions.

In such case, *held,* 1, that a gross sum may be ordered for the support of child; 2, that on exceptions to such orders the court may in its discretion order the husband to pay a specific sum for the support of the wife and child pending the exceptions; 3, that such specific sum when paid will not be in diminution of the amount first allowed as alimony, but will be in addition thereto.

To the order of court under R. S., c. 60, § 6, for the payment of money for the defense and support of the wife, exceptions do not lie.

The power of the court under R. S., c. 60, § 7, to decree to the wife her reasonable alimony is one of discretion, and to the decision of the presiding judge determining the amount, exceptions do not lie.

Under c. 60, § 19, the court may decree a specific sum to the wife for the support of a child, the care and custody of which is decreed to her, and the payment may be ordered in one sum or by installments, and to the decision of the presiding judge determining the amount, exceptions do not lie.

ON EXCEPTIONS.

LIBEL for divorce by the wife, containing a prayer for alimony and for provision for the support of Ellen C. Call a minor child of the parties. A divorce *a vinculo* was decreed in favor of the libelant, and the custody of the child awarded to her, at the October term, 1874.

Thereafterwards upon hearing of libelant's motion for alimony and provision for the child, the libelee's counsel contended that such provision for the child should be a periodical allowance made to continue so long as the mother should have the care of her,

and until the court might otherwise order; but the court made the following order:. "Libelee to pay five thousand dollars for the support of his minor child, Ellen C. Call."

The court also ordered that the libelee pay libelant nine thousand dollars instead of alimony; and further ordered that separate executions issue for these sums respectively. .

To the foregoing orders and decrees and to each of them, the libelee excepted.

The foregoing bill of exceptions having been allowed, upon motion of libelant's counsel, the court ordered "that the libelee pay the sum of $450 for the use of the libelant, into the clerk's office, one-half in thirty days, and one-half in sixty days, for the support of libelant and child till next term; and if not paid in thirty days after due, executions to issue."

Whereupon libelee's counsel prayed the court to add a provision that the said sum, when paid, should be allowed in diminution of the sum to be paid by the previous order, or other provision of like effect.

But the court denied the motion and to this denial the libelee also excepted.

At the April term, 1875, the court ordered that (a similar sum) $450 be paid by libelee into the clerk's office, one-half in ten days and one-half in sixty days from final adjournment, for support of libelant and child until next term; and in default thereof executions to issue. To this order and decree the libelee excepted.

The libelee moved that the court decree that said allowance of $450 be deducted from the sum that may be finally allowed and decreed said libelant in lieu of alimony. The court refused so to order. To said orders and refusal the libelee excepted.

*W Hubbard,* for the libelee.

*A. P. Gould & J. E. Moore,* for the libelant.

WALTON, J. This is a divorce suit. It is before the law court on two separate bills of exceptions. The first was taken at the October term, 1874, and the other at the April term, 1875. Both relate to allowances made to the wife for the support of herself

and a minor child, the care and custody of which were decreed to her. The first question is whether exceptions lie in such cases.

I. The R. S., c. 60, § 6, declares that pending a libel, the court may order the husband to pay the clerk, for the wife, a suitable sum of money for her defense, or prosecution thereof, and to make reasonable provision for her support; enter such decree for the care and custody of the minor children as they think right; and enforce obedience by appropriate processes.

Obviously, the object of this provision is to provide for the immediate wants of the wife. The allowance of exceptions to such an order, and the delay that would be thereby occasioned, would in many cases leave the wife to starve, or force her to become a public charge, or to accept support at the hand of charity. Such could never have been the intention of the legislature. The court is therefore of opinion that exceptions to such an order do not lie; and that the exceptions in this case should not have been allowed.

II. The same chapter, R. S., c. 60, § 7, declares that when a divorce is decreed to the wife for the fault of the husband, the court may decree to her reasonable alimony; or, instead of alimony, may decree a specific sum to be paid by the husband to her; and use all necessary legal processes to carry their decree into effect.

The court is of opinion that the power granted in this section is addressed to the sound discretion of the presiding judge, and that exceptions to his decision do not lie.

III. The same chapter, R. S., c. 60, § 19, further declares that the court granting a divorce, may decree concerning the care, custody and support of the minor children of the parties, and with which parent any of them shall live; alter their decree from time to time as circumstances may require; and enforce their decrees by any compulsory process they may think proper.

The court is of opinion that in the exercise of this power the presiding judge may decree a specific sum to be paid by the husband to the wife for the support of a child, the care and custody of which are decreed to her; that it is not essential to the validity of such a decree that the payment should be by installments, as

the support is furnished; though perhaps, in most cases, it would be better to make it so. The amount, as in other cases of allowance in divorce suits, must be determined by the presiding judge; and to his decision exceptions do not lie.

For these reasons, both bills of exceptions must be overruled.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.