EDWARD RYAN *vs.* THE KNIGHTS OF COLUMBUS ET AL.

First Judicial District, Hartford, March Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In testing the legal sufficiency of a complaint on demurrer, this court
   is limited to and controlled by the information which the complaint
   itself affords, and cannot utilize extrinsic facts which the parties
   seek to import into the case by way of stipulation.

A member of a fraternal benefit society who seeks to obtain an account-
   ing of its funds and a judgment for the amount found due thereon,
   must allege the terms of his contract, which of necessity determine
   the respective rights and obligations of the parties. In the ab-
   sence of such an allegation the court is left entirely in the dark
   upon that vital point of the case and cannot do otherwise than
   sustain a demurrer to the complaint.

Argued March 3d—decided April 14th, 1909.

ACTION for an accounting of the sums contributed by the
plaintiff, and others similarly situated, to two insurance
funds collected and held by the Knights of Columbus, and
judgment for the amount found due thereon, brought to
the District Court of Waterbury, where a demurrer to the
complaint was sustained and judgment rendered for the
defendants (*Cowell, J.*), from which the plaintiff appealed.
*No error.*

*John O'Neill* and *William Kennedy,* for the appellant
(plaintiff).

*Joseph C. Pelletier* of Boston, and *James T. Meskill,* for
the appellees (defendants).

PRENTICE, J. The plaintiff, acting for himself and nu-
merous others alleged to be similarly situated and having
the same rights as himself, seeks an accounting by the de-
fendant corporation with respect to two funds, together
amounting, on January 1st, 1902, to $616,365, and ac-

cumulated by it during a period of years out of the contributions of its members, for the purposes of the corporation and pursuant to its by-laws, and asks judgment for the amount to which, upon such accounting, he may be found to be entitled. The defendant Watson is made a defendant as representing the many members of the defendant corporation whose interests are alleged to be adverse to those of the plaintiff and those he represents. Both defendants appeared.

The complaint contains a statement of the facts upon which the plaintiff relies. The defendants challenged by demurrer the sufficiency of the facts thus presented. The question before us is whether or not the trial court erred in holding, as it did, that the facts set up failed to establish the plaintiff's right to the accounting and judgment asked for. Our answer to this question is one which must be controlled entirely by the information afforded by the complaint. That information cannot be supplemented by facts which may be within our personal, but not within our judicial, knowledge, nor by facts which the parties stipulate may be accepted as true. The demurrer admits the facts averred, and no others, and there is no way known to the law whereby other facts may be imported into the issue tendered by the demurrer, or whereby that issue can become any other than one as to the sufficiency of the allegations of the complaint as they are made. For this reason we are unable to utilize, as it has been suggested that we should, information which may have come to us in other litigation; and for the same reason we, at the time of the argument, ordered stricken from the files a stipulation intended to enlarge our sources of information upon the matters involved.

The complaint alleges that the Knights of Columbus is a fraternal benefit order incorporated by the General Assembly of this State. Its charter and the amendments thereto are embodied in the complaint by reference. It

thus appears that it is a corporation endowed with the ordinary corporate powers, that its purposes are those usual to fraternal benefit bodies, that it is authorized "to establish, accumulate and maintain a reserve or other fund in such amount and in such manner as it may determine," for the purpose of rendering aid and assistance to its members, and that it is given power to make and adopt "a constitution and by-laws, rules and regulations" for its government and that of its members, and for the management and protection of its property and funds, and from time to time to alter and amend the same. A few of the by-laws which have from time to time been adopted are embodied in the complaint. These all relate to the amounts of assessments required to be paid, the manner of their levy and collection, and the use to be made of the moneys received in the payment of benefits and the accumulation of funds. These by-laws and the allegations of the complaint disclose that the Order has during its existence made three changes in the payments required of its beneficiaries. The first was made in 1885. One of the funds now in question has been accumulated for the better protection of the assured under a by-law then adopted. In 1892 a by-law was enacted establishing a fund called the Mortuary Reserve Fund, and requiring from each member certain payments therefor. This fund was established to provide for the payment of mortuary claims extraordinary in amount by reason of epidemics or other causes, and is the second of those now involved. Another by-law went into effect January 1st, 1902, which established rates determined upon an entirely new basis. This system was denominated the Step Rate Plan. It is the adoption of this plan that the plaintiff relies upon as entitling him to the accounting he seeks.

The complaint thus makes it appear that the defendant Order holds these two funds as trust funds, and that the intervention of a court of equity can be invoked to compel

the due execution of the trusts under which they are held. *Grand Lodge* v. *Grand Lodge*, 81 Conn. 189, 206, 70 Atl. 617. It remains to inquire whether the plaintiff has by his allegations shown that he is in a position to invoke that intervention, and to claim the relief which he asks for.

The plaintiff alleges that he became an insured member of the Order soon after its organization in 1882, and that he has continued that membership down to the present time, paying all his assessments and contributing to each of the funds in question. Upon this barren statement he rests his claim for a present accounting in respect to the funds, and a participation in their distribution. His membership brought him into a contractual relation as an assured with the Order as the insurer. Whatever the evidence of that relation might be, and whether it is to be found, either in whole or in part, in the constitution and by-laws of the Order, in a certificate of insurance or membership issued to the plaintiff, or in some other form, there came into existence upon his admission as an insurance member a contract of insurance of some sort, and his rights and liabilities, on the one hand, and those of the Order, on the other, were to be thenceforward governed by that contract. As the complaint contains no allegation that the so-called Step Rate Plan by-law was an unreasonable one, it would appear that the plaintiff's contention must be that it was in violation of his contract. *Gilmore* v. *Knights of Columbus*, 77 Conn. 58, 62, 58 Atl. 223; *Reynolds* v. *Royal Arcanum*, 192 Mass. 150, 78 N. E. 129. The complaint, however, suggests the additional claim that the two funds are, under the new system, no longer needed for the purposes for which they were created, or the future conduct of the business of the Order, and that they are therefore held for distribution as surplus funds. The argument before us asserts both these propositions.

Neither can lead to a conclusion favorable to the plaintiff's right to share in them, without knowledge of the terms

of his contract. The complaint is silent upon this point, and no means of information is afforded by it. No provision of the constitution and by-laws touching this matter, no certificate of membership issued to the plaintiff, no application for membership, nor any other evidence of the terms of the contract entered into is incorporated in it. The court was thus left entirely in the dark upon this vital matter. It had no knowledge or means of knowledge as to what the plaintiff's rights were, and the demurrer was therefore necessarily sustained.

There is no error.

In this opinion the other judges concurred.