Shirley C. GULESIAN

v.

Albert J. GULESIAN, Jr.

Supreme Judicial Court of Maine.

Sept. 7, 1977.

Carl R. Wright, P. A., Skowhegan, for plaintiff.

Vafiades, Brountas & Kominsky by Susan R. Kominsky, Lewis V. Vafiades, Bangor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

In August, 1976, plaintiff Shirley C. Gulesian brought a civil action for divorce in the Superior Court (Somerset County). Defendant Albert J. Gulesian, Sr., answered by denying plaintiff's entitlement to a divorce. He also counterclaimed asking that a divorce be awarded to him. In connection

with her complaint, plaintiff moved for an order that pending the divorce proceedings defendant provide her "sufficient means for her separate support." (19 M.R.S.A. § 693) On September 23, 1976 the presiding Justice denied plaintiff's motion. Plaintiff has appealed from that determination.

Since this appeal is from a ruling plainly interlocutory, it should be dismissed to promote the policies underlying our traditional "final judgment" rule of appealability, unless an exception is to be made for rulings as to separate support pending divorce proceedings.

We have not previously recognized such an exception, and we see no compelling need to establish it now.

 In the rare case where there may be reason to believe, prima facie, that in deciding a motion for separate support pending divorce a Judge has abused his discretion, the purportedly aggrieved party is likely to have a remedy approximately as speedy and effective overall by pressing for the final disposition of the divorce proceeding and appealing, if necessary, from the final judgment[1] as by delaying such final disposition to pursue an interlocutory appeal from the ruling on separate support. Yet, even if there be a potential for hardship to individuals in rare cases by denying such interlocutory appeals, we are satisfied that this is the better public policy because of the serious counterproductive potential for institutional detriment. The availability of interlocutory appeals concerning separate support during the pendency of divorce proceedings would tend to impair the soundness of appellate practice; the context is such that situations will frequently arise in which developments occurring after the interlocutory appeal has been heard will indicate that it was unnecessary in the first instance. In addition, there would tend to

be an increase of unjustified delays in the ultimate disposition of divorce proceedings; abuse of discretion as the ground of an available interlocutory appeal from a ruling on separate support pending a divorce, so easily claimed, is seldom established.

The entry is:

*Appeal dismissed.*

All Justices concurring.

---

1. On such appeal from the final judgment the question of abuse of discretion in the determination concerning support pending ultimate disposition need not have become moot—more particularly, because economic need is a factor also affecting the disposition of the marital property. 19 M.R.S.A. § 722–A.1C. Further, alleged abuse of discretion in the determination

as to "separate support pending" is a reviewable matter, the force of indications to the contrary in *Call v. Call*, 65 Me. 407, 409 (1876) having been dissipated by *Bubar v. Plant*, 141 Me. 407, 409, 410, 44 A.2d 732 (1945) and *Strater v. Strater*, 159 Me. 508, 516, 517, 196 A.2d 94 (1963).