**Ralph MATTHEWS**

v.

**Joan MATTHEWS.**

Supreme Judicial Court of Maine.

Argued Jan. 15, 1987.

Decided Feb. 12, 1987.

Potter and Jamieson, Charles D. Jamieson, Roderick H. Potter (orally), Saco, for plaintiff.

John B. Romei, Machias, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Plaintiff Ralph Matthews appeals from an order of the Superior Court awarding the defendant Joan Matthews attorney's fees incurred in defending several preliminary motions and from the exclusion of an

expert's testimony at the hearing on preliminary motions. We find that there was not a final judgment from which the plaintiff could appeal and the orders did not fall within any recognized exceptions to the final judgment rule. We also determine that the appeal is frivolous and accordingly impose treble costs and attorney's fees against plaintiff's counsel pursuant to M.R. Civ.P. 76(f).

## I.

Plaintiff Ralph Matthews commenced a divorce action against his wife, Joan Matthews, in the District Court in Calais. The defendant removed the case to Superior Court. The Superior Court awarded temporary care and custody of the parties' four minor children[1] to the defendant and allowed the plaintiff reasonable visitation privileges. Plaintiff complained that he had no contact with his two eldest children for several months despite many attempts to arrange visitation. Consequently, he brought a motion to enforce and to modify the temporary order. Plaintiff also filed numerous other preliminary motions.

A hearing was held on these preliminary motions, at which time the trial court excluded the testimony of an expert witness. Dr. Smith, a physician with extensive training in psychiatry, would have testified that plaintiff should be united with his children for a substantial period of time to reestablish their damaged relationship. The Superior Court denied plaintiff's motions. Additionally, the court awarded the defendant $750.00 in attorney's fees for expenses incurred in defending the preliminary motions. Plaintiff then appealed alleging that the trial court acted improperly in excluding Dr. Smith's testimony and in awarding attorney's fees.

## II.

■ This Court will not consider an appeal unless it is taken from a final order or judgment or it falls within a recognized exception to the final judgment rule. A

judgment is final if it fully decides and disposes of the whole case and leaves no further questions to be resolved by the court. *Fern Construction Co., Inc. v. Binnall,* 443 A.2d 67, 69 (Me.1982). If any question remains for future determination and adjudication by the court, the order, judgment or decree is interlocutory and generally not appealable. *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 848 (Me. 1976).

In *Gulesian v. Gulesian,* 377 A.2d 119 (Me.1977), this Court declined to create an exception to the final judgment rule for rulings on separate support pending divorce. We noted that an "aggrieved party is likely to have a remedy approximately as speedy and effective overall by pressing for the final disposition of the divorce proceeding and appealing, if necessary, from the final judgment as by delaying such final disposition to pursue an interlocutory appeal from the ruling on separate support." *Id.* at 120. Subsequent to *Gulesian v. Gulesian,* this Court commented that "[u]ntil the setting apart of the marital property is completed there is no final judgment in the divorce action." *Tibbetts v. Tibbetts,* 406 A.2d 70, 73 (Me.1979), *citing Corder v. Corder,* 546 S.W.2d 798, 806 (Mo.Ct.App.1977).

■ In this case, the Superior Court's orders are interlocutory. As in *Gulesian,* plaintiff will have a remedy available after the final divorce decree. At that time he may appeal the award of all attorney's fees and the exclusion of any testimony. The trial court specifically reserved ruling on the admissibility of Dr. Smith's testimony at the final divorce hearing. The issue of this expert testimony could become moot if the trial justice allows Dr. Smith to testify at the final divorce hearing. Furthermore, the trial court may award the defendant additional attorney's fees, in which case the entire award should be appealed at the same time. Because the court's orders are

---

1. Subsequently, a fifth child was born of the marriage.

interlocutory and do not fall within any recognized exception to the final judgment rule, this appeal is premature. *See Gulesian v. Gulesian,* 377 A.2d 119 (Me.1977).

### III.

■ We further conclude on our own initiative that this appeal is frivolous and impose sanctions pursuant to M.R.Civ.P. 76(f).[2] We have stated that we will only exercise this power when "an appeal is obviously without any merit and has been taken with no reasonable likelihood of prevailing, and results in delayed implementation of the judgment of the lower court; increased costs of litigation; and dissipation of the time and resources of the Law Court." *Auburn Harpswell Association v. Day,* 438 A.2d 234, 239 (Me.1981).

After carefully reviewing the plaintiff's briefs and listening to oral argument, we conclude that this appeal is an appropriate case for sanctions. We are unable to discern any reasonable basis for attempting an appeal at such an early stage of the proceedings. The Superior Court's orders do not constitute a final judgment and do not fall within any recognized exception to the final judgment rule. The plaintiff made no attempt to obtain a report of the interlocutory ruling under M.R.Civ.P. 72(c). An attorney's signature on a notice of appeal pursuant to M.R.Civ.P. 11 signifies that "to the best of [his] knowledge, information, and belief there is good ground to support the appeal." *Garrison v. Finks,* 469 A.2d 440, 441 (Me.1983). An attorney who prosecutes a frivolous appeal is subject to Rule 76(f) sanctions. *Kirkpatrick v. City of Bangor,* 517 A.2d 320, 321 (Me. 1986). This untimely appeal has only served to increase the costs of litigation and dissipate the time and resources of this Court. Accordingly, counsel for plaintiff shall pay to the defendant treble costs and $200.00 towards her attorney's fees.

The entry is:

Appeal dismissed.

Counsel for plaintiff shall pay to defendant treble costs and $200.00 towards her attorney's fees in defending this appeal.

All concurring.

---

**2.** M.R.Civ.P. 76(f) states:
If the Law Court determines that an appeal, motion for rehearing, or other proceeding before it, is frivolous or instituted primarily for the purpose of delay, it may award to the opposing parties or their counsel treble costs and reasonable expenses, including attorney's fees, caused by such action.