[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 174)
The plaintiffs have filed a multi-count complaint alleging a number of tort and contract law claims against several defendants. Only the second and fourth counts are attacked here. These counts will be considered in turn.
The second count alleges tortious interference. The plaintiffs claim that the individual defendants — who are officers and directors of the corporate defendant, Savings Institute — wrongfully interfered with a business relationship between Savings Institute and the plaintiff Connecticut Financial Network. The defendants assert that this count fails to state a cause of action. They reason that since a corporation cannot interfere with its own contract but can only breach it, the directors and officers of the corporation are likewise incapable of interfering with the contract. The rule just stated is, however, subject to certain exceptions. For reasons that can briefly be explained, the amended complaint here contains sufficient allegations to survive a motion to strike.
The amended complaint, read in the light most favorable to the plaintiffs, asserts that the individual defendants committed their alleged acts of interference for personal reasons of self-interest and revenge. It is further alleged that they committed certain acts as board members "in hopes of avoiding personal liability for their own breaches of duty." (Amended Complaint ¶ 47.) In Connecticut, an agent of a corporation can be held liable for interference "if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain." Murray v. Bridgeport Hospital, 40 Conn. Sup. 56,61, 480 A.2d 610 (Conn.Super.Ct. 1984). It has been widely held that a corporate officer or director may be liable for tortiously CT Page 5256-P interfering with a corporate contract if he acts with malice. Thomas G. Fischer, Annotation, Liability of Corporate Director,Officer, or Employee for Tortious Interference with Corporation'sContract with Another, 72 A.L.R. 4th 492, 524-27 (1989). The underlying principle is that while, as a general rule, the acts of a corporate agent on behalf of the corporation are deemed the corporation's acts, an erstwhile agent of the corporation who is acting in furtherance of his personal interests is not acting on behalf of the corporation. This exception preserves "the logically necessary rule that a party cannot tortiously interfere with its own contract." Holloway v. Skinner, 898 S.W.2d 793, 796
(Tex. 1995).
Read in the light most favorable to the plaintiffs, the second count of the amended complaint contains sufficient allegations of self-interest and malice to survive a motion to strike. The motion to strike that count must be denied.
The fourth count of the amended complaint alleges that the corporate defendant, Savings Institute, breached an implied covenant of good faith and fair dealing by terminating a contract. In its motion to strike, the Savings Institute contends that the claimed implied covenant is inconsistent with certain provisions of the contract in question. The Savings Institute attempts to establish the factual predicate for its motion by asking the court to take judicial notice of certain facts assertedly pleaded in other cases filed in the Superior Court. This cannot be done on a motion to strike. "It is elementary that such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v.Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (App. Sess. Conn. Super. Ct. 1981 ). The allegations of the amended complaint in this case cannot be supplemented by "information which may have come to us in other litigation." Ryan v. Knights of Columbus,82 Conn. 91, 92, 72 A. 574 (1909). The motion to strike count four must consequently be denied.
For the reasons stated above, the motion to strike is denied in its entirety.
Jon C. Blue Judge of the Superior Court CT Page 5256-Q