[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED FEBRUARY 18, 1997
The first ground of the defendants' motion to strike requires that the court take judicial notice of another file. "This cannot CT Page 694-LLL be done on a motion to strike. `It is elementary that such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence.' State v.Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (App.Sess. 1981). The allegations of the . . . complaint in this case cannot be supplemented by `information which may have come to us in other litigation.' Ryan v. Knights of Columbus, 82 Conn. 91, 92,72 A. 574 (1909)." Connecticut Financial Network v. Savings Inst.,
Superior Court, Judicial District of Hartford-New Britain, No. 548013 (August 7, 1996); Emerick v. Kuhn, Superior Court, Judicial District of Hartford-New Britain, No. CV 94-0460869S (June 14, 1994); Yale New Haven Hospital v. Orlins, Superior Court, Judicial District of New Haven, No. CV6-10396 (May 12, 1992).
The second ground of the motion to strike, and the cases cited in support of that ground, appear to be based, in part, on a version of General Statutes § 47a-23 which existed prior to the enactment of Public Act No. 95-274. Section 1 of that Public Act legislatively overruled the holdings of the cited cases. The defendant's argument that the second count of the complaint is legally defective because there is no allegation that any notice to quit for lapse of time was ever served during the period of the month to month tenancy is unsupported by persuasive CT Page 694-MMM authority.
The motion to strike is denied.
LEVIN, J.