[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE #133)
The defendants have filed a motion to strike the First through Fifth Counts of the plaintiffs' Amended Complaint dated June 11, 2001, pursuant to Practice Book § 10-39 et seq. The First Count of the plaintiff's action alleges breach of contract. The Second and Fifth Counts allege negligence. The Third Count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), while the Fourth Count alleges a breach of the implied covenant of good faith and fair dealing.
In addressing each of these counts in its motion to strike, the defendant also argues that the plaintiffs claims are barred by the doctrine of collateral estoppel because they have been fully litigated and resolved in favor of the defendants in Chase Mortgage Company v.Timothy P. Murphy, et al, Superior Court, judicial district of New Haven, Docket No. CV99-0431814. In that foreclosure action, the court acting by Celotto, J. on February 9, 2001, granted Chase's motion for summary judgment without a memorandum of decision. Thereafter, the court, DeMayo, J., rendered a judgment of foreclosure by sale, from which the present plaintiffs filed an appeal with the Appellate Court on April 27, 2001. On May 29, 2001, the present plaintiffs filed a motion for articulation of the court's granting of Chase's motion for summary judgment. The court, Celotto, J., filed its memorandum of decision on September 13, 2001, and reaffirmed its granting of Chase's motion for summary judgment in the foreclosure action, finding that there was no genuine issue of material fact as to the present plaintiffs' liability in that action.
Chase, the defendant in the present action, has requested that "the court take judicial notice of all records, pleadings, motions, objections, and orders" in the foreclosure action to find that the plaintiffs Murphy, are collaterally estopped from re-litigating the claims contained in the foreclosure action. CT Page 11724
The court begins its review of the merits of the motion to strike by setting forth the standard of review governing the examination of the issues.
Practice Book § 10-39 reads in pertinent part as follows:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading or part thereof.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Lfe and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts."Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185. (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982). CT Page 11725
A brief summary of the foreclosure litigation is necessary to clarify the present status of the parties and to decide the present issues raised by Chases's motion to strike in the present action. The plaintiffs, Murphy, are mortgagors under a note and mortgage that was eventually assigned and sold to the defendant, Chase Mortgage Company. The plaintiffs defaulted on their mortgage loan payments and Chase commenced a foreclosure action entitled Chase Mortgage Company v. Timothy Murphy, etal, Docket No. CV99-0431814, in the Judicial District of New Haven; hereinafter referred to as the "foreclosure action." In that foreclosure action the present plaintiffs filed an Answer, Special Defenses and Counterclaim. Chase Mortgage Company moved for summary judgment, as to liability on its complaint, notwithstanding the special defenses, and on the counterclaim. The Special Defenses and the Counterclaim were predicated on the same claims. Prior to the hearing on Chase's motion for summary judgment, the counterclaim was withdrawn.
After a hearing, the motion for summary judgment filed by Chase was granted as to the Murphys' liability on the mortgage debt. The Murphys then appealed, and their appeal was dismissed as moot by the Appellate Court on April 1, 2002. The Murphys' had filed a second appeal, AC22767, on February 13, 2002 alleging the same grounds as the first appeal and a claim that the court erred in computing the debt based on its earlier finding of the debt and accrued interest, instead of on a new affidavit of debt. Chase, thereafter, filed a motion to terminate the automatic stay of execution (stay on appeal), which the trial court granted on May 10, 2002. On May 20, 2002, the Murphys filed in the Appellate Court, a motion for review of the trial court's order terminating the stay. On July 10, 2002, the Appellate Court denied the motion for review. A new law day of October 7, 2002 has been set in the foreclosure file.
 I
The defendant Chase has requested that the court take judicial notice of the contents of the aforementioned foreclosure action, wherein the present defendant Chase was the plaintiff and the present plaintiffs were the defendants.
"Whether to take judicial notice of a fact is a function of the exercise of judicial discretion. West Hartford v. Freedom of InformationCommission, 218 Conn. 256, 264, 588 A.2d 1368 (1991); DeLuca v. ParkCommissioners, 94 Conn. 7, 10, 107 A. 611 (1919); C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) 6.1.3, p. 119; 1 B. Holden 
J. Daly, Connecticut Evidence (2d Ed. 1988) 22. Pie Plate, Inc. v.Texaco, Inc., 35 Conn. App. 305, 315, 645 A.2d 1044 (1994) CT Page 11726
"There is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties. Karp v. Urban Development Commission, 162 Conn. 525, 527,294 A.2d 633 (1972); Guerriero v. Golasso, 144 Conn. 600, 605, 136 A.2d 497
(1957). [I]t is understood that matter[s] which it is claimed the court should judicially notice should ordinarily be called to its attention by a party seeking to take advantage of it in the course of presenting evidence in the case so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so. . . . Nichols v. Nichols, 126 Conn. 614, 622,13 A.2d 591 (1940). Caccavale v. Hospital of St. Raphael,14 Conn. App. 504, 509, 541 A.2d 893, cert. denied, 208 Conn. 812,545 A.2d 1107 (1988).
Chase has called the court's attention to the ruling on its motion for summary judgment in the foreclosure action. The plaintiffs, Murphy, having received notice, have chosen to object to the court's taking judicial notice of that judgment, but they have not addressed the defendant Chase's claim that the court's judgment in the foreclosure action is res judicata and acts as collateral estoppel regarding the plaintiffs' claims in the present action. While the foreclosure action remains on appeal, it is noted by this court that, judicial notice may, however, be taken at any stage of the proceedings including on appeal.State v. Allen, 205 Conn. 370, 382, 533 A.2d 559 (1987)." (Internal quotation marks omitted.) Drabik v. East Lyme, 234 Conn. 390, 397,615 A.2d 1082 (1995), quoting, In re David M., 29 Conn. App. 499, 507,615 A.2d 1082 (1992).
"Judicial notice . . . meets the objective of establishing facts to which the offer of evidence would normally be directed." State v.Tomanelli, 153 Conn. 365, 368, 216 A.2d 625 (1966). "It is a discretionary function dependent on the nature of the subject matter, issues involved, and the apparent justice of the case. See C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 6.1.3, p. 119; 1 B. Holden J. Daly, Connecticut Evidence (1988) § 22. Drabik v.East Lyme, supra.; DeLuca v. Park Commissioners, supra at 10.
Although a court may take judicial notice of a file of another action, the court agrees that this does not mean that the court can use every statement or conclusion found in the file, as such conclusions may not satisfy the doctrine of res adjudicata, so as to bind an opposing party.German v. German, 125 Conn. 84, 89, 3 A.2d 849 (1938).; In re Mark C.,28 Conn. App. 247, 253, 610 A.2d 840 (1994). "Unless a prior adjudication satisfies the requirements for issue preclusion (collateral estoppel), CT Page 11727 information contained in a court file may be used only to prove that such information or documentation exists, not to prove the truth of facts recited or found therein." See C. Tait, Handbook of Connecticut Evidence (3rd Ed. 2001) § 2.16.5, p. 124; See Heritage Village Master Ass'n,Inc. v. Heritage Village Water Co., 30 Conn. App. 693, 701, 622 A.2d 578
(1993).
The court in the present action finds that it has the authority to take judicial notice of the foreclosure action and the memorandum of decision of Celotto, J. dated September 13, 2001. Chase Mortgage Company v.Timothy P. Murphy, et al, Superior Court, judicial district of New Haven, Docket No. CV99-0431814. (September 13, 2001) (Celotto, J.), to ascertain whether the plaintiffs, Murphy, are collaterally estopped from litigating their claims in the present action. The court's file in the foreclosure action and a copy of the court's decision and judgment, as to liability, is readily available to the parties in this action.
While this court has determined it has the authority to take judicial notice of the foreclosure action between these same parties, the court must next address if it is proper to do so in deciding a motion to strike. The plaintiffs, Murphy, argue that while it is true that the court can take judicial notice of pleadings between parties under some circumstances, it cannot do so when ruling on a motion to strike, "because a court cannot go outside the complaint for the purposes of a motion to strike; it cannot look at the proof demonstrated by the pleadings." Emerick v. Kuhn, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV94-0460869, (June 14, 1995) (Handy, J.). The plaintiffs also point to Yale New Haven Hospitalv. Orlins, No. CV6-10396 (May 12, 1992) (Levin, J.), which states, "on a motion to strike the court may not consider evidence . . . even though it may generally take judicial notice of the contents of the file in the case before it." Citing Nichols v. Nichols, 126 Conn. 614, 620-621
(1940). "Again, on a motion to strike, the court is limited to the facts alleged in the plaintiffs complaint." Rowe v. Godou, 209 Conn. 273, 278,520 A.2d 1073 (1988). "It is elementary that such a motion must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785
(App. Sess. Conn. Super. Ct. 1981). The allegations of the amended complaint in this case cannot be supplemented by "information which may have come to us in other litigation." Ryan v. Knights of Columbus, 82 Conn. 91, 92,72 A. 574 (1909). Connecticut Financial Network v. Savings Inst., Superior Court, judicial district of Hartford-New Britain, Docket No. 548013, (Aug. 7, 1 to 996) (Blue, J.), 1996 Ct. Sup. 5256-O. CT Page 11728
This court finds that it has the authority take judicial notice of the court's ruling on the motion for summary judgment in the foreclosure action between the parties. In ruling in favor of Chase in that action, the court ruled that Chase sustained its burden of proving that there was an absence of genuine issues of material fact, and that Chase was entitled to a judgment as a matter of law. Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999)." [A] summary disposition . . . should be on evidence which a party would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in a light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; emphasis in the original; internal question marks omitted.) Miller v. United TechnologiesCorp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The existence of the genuine issue of material fact must be demonstrated . . . by concrete evidence." (Internal quotation marks omitted.). Pion v.Southern New England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107
(1997). In ruling for the mortgage lender Chase in the foreclosure action, the court reviewed business documents and affidavits supporting the position that the present plaintiffs were in default of their mortgage payments, and that Chase was the owner of the note and mortgage. The court further found that Chase gave the present plaintiffs notice of the default and of their right to cure the default, pursuant to the terms of the mortgage. The court additionally found that this default was not cured. The court, then ruled that Chase had proven a prima facie case; that no valid special defenses existed; and granted Chase's motion for summary judgment as to liability. This court is not reviewing the foreclosure action to look at proof or to review the evidence. The proof and the evidence has already been reviewed by the "foreclosure court" in its ruling on the motion for summary judgment. This court is taking judicial notice of a case that has gone to judgment and the findings of the court in the foreclosure judgment.
The plaintiffs in the present action, however, also argue that collateral estoppel and res judicata must be specifically pleaded by the defendants as an affirmative defense. The court agrees with the plaintiffs. Chase, the defendant in the present action, has yet to file an answer or any special defenses in the present pleadings. "Collateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense. Carnese v. Middleton, 27 Conn. App. 530, 537,608 A.2d 700 (1992); Chomko v. Patmon, 20 Conn. App. 159, 162, 565 A.2d 250
CT Page 11729 (1989); Practice Book 164 "There is, however, an exception to this general rule. The defendants' failure to file a special defense may be treated as waived where the plaintiff fails to make appropriate objection to the evidence and argument offered in support of that defense. Carnesev. Middleton, supra.; Tedesco v. Stamford, 215 Conn. 450, 462-63,576 A.2d 1273 (1990); Pepe v. New Britain, 203 Conn. 281, 286, 524 A.2d 629
(1987). The plaintiffs have timely objected in this matter and thus, the court will not consider the issues of res judicata and collateral estoppel as requested by the defendants.
The defendant Chase Mortgage Company has moved to strike the First Count of the plaintiffs complaint arguing that it fails to allege the contact allegedly breached; it fails to allege the term or condition of the contract allegedly breached; it fails to allege that the plaintiffs satisfied all conditions precedent; and the plaintiffs claim payment, but they fail to allege any facts regarding the time, manner or amount of the payments. Additionally, the plaintiffs allege "other errors in handling of the plaintiffs' account", but make no factual allegations as to these alleged errors. The plaintiffs argue that the elements of a claim for breach of contract are the formation of an agreement, the performance by one party and damages. Ferrone v. Resnick, Superior Court, judicial district of New haven at New Haven, Docket No. CV00-0443779 (February 20, 2002) (Meadow, J.); citing McHenry v. Lubell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346842 (August 2, 2001, Skolnick, J). A mortgage contract is a contract and is such is governed by contract law. Connecticut Hsg. F. Auth. v. John Fitch Ct.Assoc., 49 Conn. App. 142 (1998), 713 A.2d 900. The plaintiffs have alleged that they signed a note to Empire of America Realty Credit Corp. on July 30, 1991. To secure the note, the plaintiffs mortgaged their real estate. They have alleged that the mortgage was subsequently assigned to of the Chase Mortgage Company. The plaintiffs additionally allege that they sent their monthly mortgage payments to the defendant Chase and that Chase would not cash them. These allegations are sufficient to allege the formation of the contract, performance by the plaintiffs and a breach of the contract by the plaintiffs. The First Count of the plaintiffs' complaint is sufficient to survive a motion to strike.
The defendant next moves to strike the Second Count of the complaint regarding the allegation of negligence. The defendant claims that the plaintiffs allege no facts on which to base the claim that Chase administered the loan, and, in fact, have not alleged that Chase administered the loan. The Second Count incorporates the first eleven paragraphs of the First Count and additionally alleges that "the defendant had a duty to properly administer the loan which it breached, ". . . . and that "As a direct and proximate cause of the negligent and careless CT Page 11730 administration of the loan," the plaintiffs have sustained losses and damages. The court finds that the plaintiffs have pleaded sufficient allegations to defeat the motion to strike the Second Count of the complaint. Even though there may be a breach of contract, liability may arise because of injury resulting from negligence occurring in the performance of the contract. Dean v. Hershowitz, 119 Conn. 398, 409-10,177 A. 262 (1935).
The defendant has moved to strike the Third Count of the complaint alleging a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA), General Statutes § 42a-110 et seq. The criteria used to determine a violation of CUTPA under § 42-110b (a) which the court must consider are:
 "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ."
Conway v. Prestia, 191 Conn. 484, 492-93, 464 A.2d 847 (1993). All three of those criteria need not be met in order to establish a CUTPA violation. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Normand Josef Enterprises v. Connecticut National Bank,230 Conn. 486, 522, 646 A.2d 1289 (1994). In interpreting the third factor of the CUTPA criteria the Supreme Court in Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 592-93, ___ A.2d ___ (1995) held: "To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury which the consumers themselves could not reasonably avoided." However in reviewing the Third Count of the complaint the court notes that the plaintiffs' allegation of a CUTPA violation alleges that the defendant Chase was negligent in administering the loan. A CUTPA claim cannot generally be raised" when the underlying claim is grounded solely in negligence." Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 657 A.2d 212 (1995); see Atlantic Richfield Co. v. CanaanOil Co., 202 Conn. 234, 242, 520 A.2d 1008 (1987); A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 217[FN 26], 579 A.2d 69 (1990). The plaintiffs have not pleaded a pattern of previously deceptive actions CT Page 11731 and the apparent isolated nature of the alleged occurrences also weighs in favor of disallowing the defendants CUTPA claim. Therefore, the motion to strike the Third Count of the complaint is hereby granted.
The Fourth Count of the complaint alleges a violation of the implied covenant of good faith and fair dealing. The plaintiffs claim a breach of contract and it appears, when viewing the complaint in a favorable light, that they are claiming breaches of express provisions of the note, mortgage or loan modification. There is a contractual relationship between the parties, and therefore there exists an implied covenant of good faith and fair dealing. Gupta v. New Britain General Hospital,239 Conn. 574, 598, 687 A.2d 111 (1996). The implied covenant of good faith and fair dealing has been applied to a wide variety of contractual relationships. Buckman v. People's Express, 205 Conn. 166, 170,530 A.2d 596, (1987). The plaintiffs allege that they had brought their loan current in accordance with a loan modification agreement, but yet the defendant still commenced a mortgage foreclosure action. The plaintiffs claim that by doing so, the defendant breached the implied covenant of good faith and fair dealing. Whether the plaintiffs did bring their monetary obligations to the defendant current is inconsequential for the purposes of a motion to strike. The plaintiffs have sufficiently stated a legal cause of action in the Fourth Count of their complaint. Therefore, the motion to strike the Fourth Count is denied.
The plaintiffs' Fifth Count sounds in negligence and it is directed at Source One Mortgage Corporation. It alleges that Source One was responsible for servicing and had a duty to administer the loan, which it breached. As a result of this alleged breach of duty the plaintiffs claim to have suffered damages. The loan was assigned to Source One from the Chemical Mortgage Company. The Fifth Count is devoid of any facts alleging that the defendant Source One was responsible for servicing the loan and the court has reviewed the additional four counts and also finds that to be the case. In the absence of specific and meaningful factual allegations, the plaintiffs' legal conclusions are without effect. The Fifth Count is hereby ordered stricken.
Accordingly, the motion to strike is granted as to the Third Count and the Fifth Count. The motion to strike is denied as to the First Count, the Second Count and the Fourth Count.
The Court
by Arnold, J. CT Page 11732